Filed 7/1/16  P. v. Sierra CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B266671 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA027340) |
| v. | |
| PATRICK MICHAEL SIERRA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Affirmed.

Richard Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Michael R. Johnsen and Mary Sanchez, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal presents the question whether excess custody credit can be used to reduce or eliminate the one-year misdemeanor parole period mandated by Penal Code section 1170.18, subdivision (d).[1]  Defendant, Patrick Michael Sierra, was convicted in 1996 of petty theft with a prior theft-related conviction.  (Former § 666; Stats. 1993, ch. 611, § 10, p. 3513.)  The jury found true allegations that defendant had sustained two prior serious felony convictions.  (§§ 667, subd. (b)-(i), 1170.12.)  The jury further found defendant had previously served prison terms for those convictions.  (§ 667.5, subd. (b).)  Defendant was sentenced to 25 years to life in prison.  (§ 1170.12, subd. (c)(2).)  On appeal, we remanded for reconsideration of defendant's sentence in light of *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 529-530.  (*People v. Sierra* (Aug. 8, 1997, B103092) [nonpub. opn.].)  On remand, the trial court again sentenced defendant to 25 years to life in prison.  We affirmed the judgment on appeal.  (*People v. Sierra* (Oct. 8, 1998, B118322) [nonpub. opn.].)

On January 26, 2015, defendant filed a section 1170.18, subdivision (a) resentencing petition.  On August 18, 2015, the trial court granted the petition, designated defendant's conviction a misdemeanor and resentenced him to 364 days in the county jail with 364 days' credit.  The court ordered defendant be subject to a one-year period of parole.  (§ 1170.18, subd. (d).)  The trial court declined to apply defendant's excess custody credit to reduce the one-year parole period.

We affirm the trial court's ruling.  As our Supreme Court held in *People v. Morales* (June 16, 2016, S228030) __ Cal.4th __, __ [2016 Cal. LEXIS 4001], excess credit for times served cannot be credited against the section 1170.18, subdivision (d) parole period.

---

[1]      Further statutory references are to the Penal Code.

The trial court's August 18, 2015 order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P.J.

We concur:

BAKER, J.

RAPHAEL, J. *

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.