Filed 9/2/16  P. v. Arias CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051750 |
| v. | (Super. Ct. No. 14CF2054) |
| FELIPE ARIAS, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part, reversed in part, and remanded.

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Michael Pulos, Deputy Attorneys General, for Plaintiff and Respondent.

Felipe Arias appeals from the trial court's postjudgment order granting his petition to recall his sentence and reduce his drug possession conviction to a misdemeanor. Arias argues the trial court imposed an improper misdemeanor sentence, erred by imposing parole, and was required to apply any excess custody credits to reduce his parole period. The Attorney General concedes the court imposed an improper misdemeanor sentence.

After briefing was complete here, the California Supreme Court filed its opinion in *People v. Morales* (2016) 63 Cal.4th 399 (*Morales*). We ordered the parties to file supplemental letter briefs on the effect of *Morales* on this case. They have done so.

We agree the trial court erred when sentencing Arias on the misdemeanor but conclude his other contentions are meritless. We affirm in part, reverse in part, and remand the matter to the trial court for further proceedings.

FACTS

In August 2014, Arias pleaded guilty to possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)). As part of a negotiated plea deal, Arias agreed to serve 16 months in prison and the prosecution agreed to dismiss Arias's prior conviction and prison term allegations. The trial court sentenced Arias to the low term of 16 months in prison.

On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act), which became effective the following day. (See Pen. Code, § 1170.18, all further statutory references are to the Penal Code.)

On January 29, 2015, Arias was released on postrelease community supervision (PRCS). The following month, Arias filed a petition to be resentenced pursuant to section 1170.18.

At a hearing on the petition, Arias's counsel requested the trial court grant the petition pursuant to section 1170.18, subdivision (f), and not section 1170.18,

2

subdivision (a), because Arias was on PRCS and had completed his sentence. Counsel also argued his excess credits should be applied to his period of parole.

The trial court ruled as follows: "[The court] find[s] that you are still serving your sentence, in that you are being supervised . . . . Therefore, I am denying your request under [section 1170.18,] subdivision (f), and granting your request to have this reduced under [section 1170.18,] subdivision[s] (a) and (b), and resentencing you to - - I notice that your maximum time would be 365 days on the misdemeanor alone. However, the law allows me to give you one year of parole, and there is no authority for granting you credits that you have already served toward that parole, and that request will be denied as well."

The trial court reduced Arias's conviction to a misdemeanor. The court noted Arias had 500 days of credit and sentenced him to Orange County Jail for 500 days. The court imposed one year of parole because based on his criminal history the court concluded Arias posed a danger to public safety.

DISCUSSION

*Misdemeanor Sentence*

Arias argues the trial court erred by imposing a misdemeanor sentence of 500 days. The Attorney General concedes the error. We accept the Attorney General's concession.

Section 19.2 provides the maximum term of confinement in a county jail for a misdemeanor is one year. Section 18.5 defines one year, for purposes of a county jail sentence, as 364 days. Thus, the trial court's sentence of 500 days in jail was error and must be reversed.

*PRCS*

Arias contends the trial court erred by sentencing him pursuant to section 1170.18, subdivisions (a) and (b), and imposing one year of parole, because PRCS was not part of his sentence and he had completed his sentence. We disagree.

3

The trial court properly resentenced Arias pursuant to section 1170.18, subdivisions (a) and (b), because he had not completed PRCS and, therefore, was "currently serving a sentence" for a qualifying felony conviction. (§ 1170.18, subd. (a) ["A person currently serving a sentence" for a conviction for a qualifying felony may petition for recall of sentence and resentencing]; see *Morales, supra,* 63 Cal.4th at pp. 403, 409 [defendant subject to PRCS].) A period of parole or PRCS "constitutes part of the punishment for the underlying crime." (*People v. Nuckles* (2013) 56 Cal.4th 601, 608.) Proposition 47 did not abrogate the long-standing statutory mandate that a period of parole or PRCS is, with narrow exceptions, a mandatory feature of every sentence resulting in imprisonment in the state prison. (*Id*. at p. 609.)

*Excess Custody Credits*

In his opening brief, Arias argues the trial court should have applied any excess custody credits to reduce his parole period. This claim was recently rejected by the California Supreme Court in *Morales*.

*Morales, supra,* 63 Cal.4th at pages 404-405, stated as follows: "At issue here is the proper interpretation of section 1170.18, subdivision (d), which provides: 'A person who is resentenced pursuant to subdivision (b) *shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion, as part of its resentencing order, releases the person from parole. Such person is subject to [s]ection 3000.08 parole supervision by the Department of Corrections and Rehabilitation and the jurisdiction of the court in the county in which the parolee is released or resides, or in which an alleged violation of supervision has occurred, for the purpose of hearing petitions to revoke parole and impose a term of custody.' (Italics added.) On its face, this language seems to require the one-year parole period subject to the court's discretion to order otherwise. It states that the person shall receive credit for time served *and* shall be subject to parole." The Supreme Court held, "We conclude that credit for time served does not reduce the parole

4

period." (*Morales, supra,* 63 Cal.4th at p. 403.)  In his supplemental briefing, Arias concedes *Morales* forecloses this claim.

## DISPOSITION

The trial's court's sentence of 500 days in jail is reversed.  The matter is remanded to the trial court to resentence Arias to 364 days in Orange County jail.  In all other respects, the postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


FYBEL, J.


IKOLA, J.


5