Filed 6/16/16

# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　Plaintiff and Respondent,　　)
　　　　　　　　　　　　　　　　　　　)　　　　　S228030
　　　　　v.　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　　　Ct.App. 4/3 G051142
JOSUE VARGAS MORALES,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)　　　　　Orange County
　　　　　Defendant and Appellant.　　)　　Super. Ct. No. 13WF3934
_____)

　　　　　Proposition 47, an initiative measure the electorate passed in November 2014, reduced certain drug-related and property crimes from felonies to misdemeanors.  The measure also provided that, under certain circumstances, a person who had received a felony sentence for one of the reduced crimes could be resentenced and receive a misdemeanor sentence.  A person so resentenced is entitled to credit for time already served.  Often the credit for time served will exceed the new sentence, thus entitling the person to immediate release from custody.

　　　　　Penal Code section 1170.18, subdivision (d), part of the same initiative measure, provides that a person who has been resentenced under the measure and given credit for time served "shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its

1

resentencing order, releases the person from parole."[1]  We must decide whether excess credit for time served can be credited against this parole period, which could shorten it or reduce it to no parole at all.

We conclude that credit for time served does not reduce the parole period. When it voted on Proposition 47, the electorate was informed, and it intended, that a person who benefitted from the new legislation by receiving a reduced sentence would be placed on parole for one year after completion of the reduced sentence, subject to the court's discretion to release the person from that parole.

## I. PROCEDURAL HISTORY

In March 2014, defendant pleaded guilty to felony possession of heroin, a controlled substance.  The next month, he was sentenced to 16 months in state prison and given credit for time served, including conduct credits, of 220 days.  In August 2014, he was released to postrelease community supervision for a period of three years.  In November 2014, after the passage of Proposition 47, defendant petitioned the court to have the felony designated as a misdemeanor or, in the alternative, to reduce the felony conviction to a misdemeanor and resentence him. The court recalled his sentence, reduced the conviction to a misdemeanor, and imposed a jail sentence of time served.  Rejecting defendant's argument that his record did not warrant parole, it also imposed one year of parole.

On appeal, defendant argued that, for two reasons, he should not have been placed on parole for one year.  First, he argued that, because he had already been released from custody, the trial court should only have reduced the felony to a misdemeanor and not resentenced him at all.  Second, he argued that his excess custody credits should reduce his parole time.  The Court of Appeal disagreed with

---

[1]     All further statutory references are to the Penal Code.

2

the first argument. But it agreed with the second, holding that defendant "was entitled to credit his excess custody time against his parole." It also agreed with defendant that excess custody credits could reduce any fines that had been imposed.

The Attorney General petitioned for review limited to the question of whether excess custody credits can reduce the period of parole. The petition for review did not challenge the holding that excess custody credits can also reduce any fines. We granted the petition.

## II. DISCUSSION

"On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act . . . ." (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors)." (*Id.* at p. 1091.)

Proposition 47 also added section 1170.18, concerning persons currently serving a sentence for a conviction of a crime that the proposition reduced to a misdemeanor. It permits such a person to "petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with" specified sections that "have been amended or added by this act." (§ 1170.18, subd. (a).) If the trial court finds that the person meets the criteria of subdivision (a), it must recall the sentence and resentence the person to a misdemeanor, "unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety." (§ 1170.18, subd. (b).) The court resentenced defendant under this subdivision.

3

At issue here is the proper interpretation of section 1170.18, subdivision (d), which provides: "A person who is resentenced pursuant to subdivision (b) *shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion, as part of its resentencing order, releases the person from parole. Such person is subject to Section 3000.08 parole supervision by the Department of Corrections and Rehabilitation and the jurisdiction of the court in the county in which the parolee is released or resides, or in which an alleged violation of supervision has occurred, for the purpose of hearing petitions to revoke parole and impose a term of custody." (Italics added.) On its face, this language seems to require the one-year parole period subject to the court's discretion to order otherwise. It states that the person shall receive credit for time served *and* shall be subject to parole.

Despite the seemingly mandatory parole requirement (subject to the court's discretion), defendant argues, and the Court of Appeal concluded, that the "credit for time served" under section 1170.18, subdivision (d), can serve to reduce, or eliminate, the one-year parole period. If so, parole will be reduced or eliminated in many of the cases that section 1170.18 governs. Persons receiving a misdemeanor sentence under section 1170.18 will have been serving a felony sentence and, therefore, will often have substantial excess credit for time served. In those cases, if excess credits can reduce or eliminate the period of parole, the court's discretion will be curtailed or eliminated. Thus, the Court of Appeal's conclusion would undermine the trial court's discretion in many cases.

Defendant and the Court of Appeal rely primarily on the long-established rule that, in the ordinary situation of original sentencing, excess presentence credits can reduce any period of parole. (See *In re Sosa* (1980) 102 Cal.App.3d 1002.) A statute expressly so states. Section 2900.5, subdivision (a), provides that presentence custody shall be credited towards the sentence. In this regard, section

4

2900.5 is comparable to section 1170.18's provision that the person shall receive credit for time served. But section 2900.5 says far more than does section 1170.18. Section 2900.5, subdivision (a), provides: "If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the *entire term of imprisonment* shall be deemed to have been served." (Italics added.) To eliminate any possible ambiguity, subdivision (c) of section 2900.5 provides: "For the purposes of this section, '*term of imprisonment*' includes any period of imprisonment imposed as a condition of probation or otherwise ordered by a court in imposing or suspending the imposition of any sentence, and *also includes* any term of imprisonment, including *any period of* imprisonment prior to release on parole and any period of imprisonment and *parole*, prior to discharge, whether established or fixed by statute, by any court, or by any duly authorized administrative agency." (Italics added.)

The legislative purpose behind section 2900.5 "appears to have been to eliminate the unequal treatment suffered by indigent defendants who, because of their inability to post bail, served a longer overall confinement than their wealthier counterparts." (*In re Rojas* (1979) 23 Cal.3d 152, 156.)

As can be seen, section 2900.5 states two things relevant here: (1) the person is entitled to credit for time served, and (2) the credit can reduce or eliminate the period of parole. Section 1170.18, subdivision (d), states the first of these but *not* the second. Instead, it states the person is to receive credit for time served *and* is subject to parole.

The Court of Appeal stated, " 'We must assume that the voters had in mind existing law when they enacted Proposition' 47." (Quoting *People v. Woodhead* (1987) 43 Cal.3d 1002, 1012.) It concluded from this assumption that the voters intended to make the law in this regard identical to section 2900.5. But, given the assumption, the conclusion is far from clear. If we assume the voters had in mind

5

existing law, we may also assume they had in mind that the statute concerning presentence credit in ordinary cases (i.e., § 2900.5) states both that the person is entitled to credit for time served *and* that the credit can reduce or eliminate any period of parole. We may also assume the voters knew that the purpose behind that statute was to equalize the treatment of those who could and those who could not post bail. Because the proposition the voters were considering expressed the first part but not the second part of section 2900.5's rule, and the purpose behind that rule is irrelevant to resentencing under Proposition 47, no reason appears to assume the voters believed the proposition would include what it did *not* state, namely that credit for time served could reduce the period of parole.

Moreover, if we can assume voters had in mind existing law, and further assume the seemingly mandatory statutory language is ambiguous, we can also make the more realistic assumption that the voters, or at least some of them, read and were guided by the ballot materials concerning the proposition. "In construing statutes adopted by the voters, we apply the same principles of interpretation we apply to statutes enacted by the Legislature." (*People v. Johnson* (2015) 61 Cal.4th 674, 682.) " 'When the language is ambiguous, "we refer to other indicia of the voters' intent, particularly the analyses and arguments contained in the official ballot pamphlet." ' " (*Robert L. v. Superior Court* (2003) 30 Cal.4th 894, 901.)

The arguments contained in the official ballot pamphlet for Proposition 47 say nothing relevant to this issue, but the analysis does. The Legislative Analyst's analysis of Proposition 47 is four pages long. (Voter Information Guide, Gen. Elec. (Nov. 4, 2014) analysis of Prop. 47 by Legis. Analyst, pp. 34-37.) Included is a discrete single paragraph captioned, in bold print, "Resentencing of Previously Convicted Offenders." (*Id.* at p. 36.) This paragraph explains in simple language that certain offenders currently serving felony sentences for the reduced crimes

6

may have their sentences reduced to misdemeanor sentences. It says nothing about credit for time served. But the last sentence of this paragraph states the following: "Offenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement." (*Ibid.*)

This last sentence is easy to understand and entirely unambiguous. It promised voters that offenders would be on parole for one year unless the judge deemed it not necessary. Any reasonable voter would have understood the sentence to mean exactly what it said. The initiative's drafters may have included the parole provision to increase the initiative's chances of being enacted. Some voters who were concerned about simply releasing persons who had committed what had been felonies might have been reassured by this promise, a reassurance that might have persuaded them to vote for the proposition. We have no reason to believe any voter intended to curtail or eliminate the court's discretion to impose parole whenever excess credits exist, and much reason to believe the opposite. "In the case of a voters' initiative statute, . . . we may not properly interpret the measure in a way that the electorate did not contemplate: the voters should get what they enacted, not more and not less." (*Hodges v. Superior Court* (1999) 21 Cal.4th 109, 114.)

The Court of Appeal focused on the words "subject to parole" in section 1170.18, subdivision (d). It said: "The statute does not state that the defendant shall *serve* a period of parole, only that the defendant shall be subject to parole. And as noted above, a person subject to parole is entitled to credit excess custody time against the parole period." But, given the difference in language and purpose between sections 1170.18 and 2900.5, as well as the voters' likely understanding of Proposition 47's meaning, we do not give these words such a narrow interpretation. In this context, the most natural meaning of the words "subject to parole" is that the person is subject to *parole* rather than some other form of

7

supervision such as postrelease community supervision under the Postrelease Community Supervision Act of 2011 (§ 3450 et seq.). (See *People v. Armogeda* (2015) 233 Cal.App.4th 428, 434.) The words "subject to" also reinforce the statute's grant of discretion to the trial court *not* to impose parole. The words, however, do not limit the court's discretion whenever excess custody credits exist.

Defendant and the Court of Appeal also cite another subdivision of section 1170.18 to support their conclusion. Subdivision (m) of section 1170.18 states: "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." Defendant and the Court of Appeal assert that this provision means defendant is entitled to credit for time served exactly as section 2900.5 provides for ordinary sentencing. However, as a court interpreting identical language in a different statute explained, this language protects a person "from being forced to choose between filing a petition for a recall of sentence and pursuing other legal remedies to which they might be entitled (e.g., petition for habeas corpus)." (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 178 [discussing § 1170.126, subd. (k)].) It "does not have any impact in determining if" the rules stated in section 2900.5 operate here even though section 1170.18 does not mention them. (*Yearwood*, at p. 178.)

Amici curiae California Public Defenders Association and the Public Defender of Ventura County, supporting defendant, argue that one purpose behind Proposition 47 was to save money, and that reducing or eliminating parole saves more money than not doing so. Certainly, one purpose was to save money, and the measure has done so by causing the release of some prisoners and reducing the number of future felony sentences. But the purpose of saving money does not mean we should interpret the statute in every way that might maximize any monetary savings. The statute requires parole (again, subject to the court's discretion to eliminate it), thus indicating the intent to spend whatever that parole

8

costs. Amici curiae also argue that supervising this parole is, or should be, a low priority. We have no occasion to decide how much priority should be given to supervising this parole, but, again, the argument does not mean we should interpret the statute in any way possible to minimize the periods of parole.

Additionally, amici curiae argue that principles of equal protection mandate treating those resentenced under Proposition 47 the same as those originally sentenced under section 2900.5. We disagree. The two situations are different. The concept of equal treatment under the laws means that persons similarly situated regarding the legitimate purpose of the law should receive like treatment. (*Cooley v. Superior Court* (2002) 29 Cal.4th 228, 253.) " 'The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner.' [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but 'whether they are similarly situated for purposes of the law challenged.' " (*Ibid.*; see *People v. Mora* (2013) 214 Cal.App.4th 1477, 1483.)

The purpose behind section 2900.5 — to equalize treatment of those who can and those who cannot post bail — is irrelevant here. Accordingly, persons resentenced under Proposition 47 are not situated similarly to those sentenced under section 2900.5. Persons resentenced under Proposition 47 were serving a proper sentence for a crime society had deemed a felony (or a wobbler) when they committed it. Proposition 47 did not have to change that sentence at all. Sentencing changes ameliorating punishment need not be given retroactive effect. " 'The Legislature properly may specify that such statutes are prospective only, to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written.' " (*People v. Floyd* (2003) 31 Cal.4th 179, 188, quoting *In re Kapperman* (1974) 11 Cal.3d 542, 546; see *People*

9

*v. Mora*, *supra*, 214 Cal.App.4th at p. 1484.) "The voters have the same prerogative." (*Floyd*, at p. 188.)

Here, the voters have given Proposition 47 some retroactive effect. Some persons originally sentenced as felons can receive the benefit of a favorable resentencing. But the voters imposed a price for that benefit — parole for one year unless the court orders otherwise. Equal protection of the laws does not mean a person can claim the benefits of an ameliorative change in the law but refuse to accept the price. The voters could rationally conclude that those who receive the benefit of a new misdemeanor sentence should at least be placed on parole when released on the reduced sentence. (*People v. Mora*, *supra*, 214 Cal.App.4th at pp. 1483-1484.)

Section 1170.18 ensures that a person resentenced under its provisions may not receive a longer sentence than the original one. Subdivision (e) of section 1170.18 provides: "Under no circumstances may resentencing under this section result in the imposition of a term longer that the original sentence." Here, defendant was subject to postrelease community supervision for three years. The resentencing imposed only one year of parole. If defendant preferred the original three years of community supervision to one year of parole, he could simply not have petitioned for resentencing. If he now prefers it, he probably could re-petition the court to go back to the original sentence. Giving him the benefit of either the original sentence or resentencing under section 1170.18, as he prefers, does not deny equal protection of the laws.

The parties have informed us that the trial court, apparently acting in premature reliance on the Court of Appeal's opinion in this case even though it never became final (see *Ng v. Superior Court* (1992) 4 Cal.4th 29, 33-34), has issued an order discharging defendant from parole. The Court of Appeal can consider any issues regarding that order on remand. Even if this circumstance

10

renders the issue technically moot in this particular case, we exercise our discretion to decide it because the issue is likely to recur, might otherwise evade appellate review, and is of continuing public interest.  (*People v. Cheek* (2001) 25 Cal.4th 894, 897-898.)

### III.  CONCLUSION

We reverse the judgment of the Court of Appeal and remand the matter to that court for further proceedings consistent with our opinion.

**CHIN, J.**

**WE CONCUR:**

**CANTIL-SAKAUYE, C. J.**
**WERDEGAR, J.**
**CORRIGAN, J.**
**LIU, J.**
**CUÉLLAR, J.**
**KRUGER, J.**

11

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** People v. Morales

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 238 Cal.App.4th 42
**Rehearing Granted**

_____

**Opinion No.** S228030
**Date Filed:** June 16, 2016

_____

**Court:** Superior
**County:** Orange
**Judge:** Christopher Evans, Temporary Judge*

_____

**Counsel:**

Christian C. Buckley, under appointment by the Supreme Court, for Defendant and Appellant.

Stephen P. Lipson, Public Defender (Ventura) and Michael C. McMahon, Chief Deputy Public Defender, for California Public Defenders Association and Public Defender of Ventura County as Amici Curiae on behalf of Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Joshua A. Klein, Deputy State Solicitor General, Charles C. Ragland, Samuel Siegel, Marvin E. Mizell, Arlene A. Sevidal and Sean M. Rodriquez, Deputy Attorneys General, for Plaintiff and Respondent.

*Pursuant to California Constitution, article VI, section 21.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Christian C. Buckley
Buckley & Buckley
9921 Carmel Mountain Road, #355
San Diego, CA  92129
(858) 538-6054

Joshua A. Klein
Deputy State Solicitor General
600 West Broadway, Suite 1800
San Diego, CA  92101
(619) 645-3040