Filed 8/30/16  P. v. Vasquez CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>JOSEPH VASQUEZ,<br><br>     Defendant and Appellant. | G051674<br><br>(Super. Ct. No. 13NF2072)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed in part, reversed in part, and remanded.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

*          *          *

Joseph Anthony Vasquez appeals from the trial court's Proposition 47 resentencing order. He argues that because he had completed his felony term of imprisonment, the court lacked authority to impose misdemeanor parole upon resentencing, or in the alternative that remand is required because the court failed to ensure the new parole period did not exceed his remaining term of postrelease community service (PRCS). He also contends he was entitled under governing law to apply custody credits for excess time he served under his former felony sentence to reduce his parole period and fines, and that the fines first should have been reduced to the minimum amounts applicable to misdemeanor convictions. We conclude the court correctly imposed parole, but erred: (a) in failing to ensure the parole period did not result in a total term exceeding defendant's original sentence, and (b) in declining to apply his excess custody credits to reduce his eligible fines. Because we must reverse and remand for resentencing, defendant's challenge to the restitution and parole revocation fine amounts is moot.

I

FACTUAL AND PROCEDURAL BACKGROUND

In September 2013, defendant pleaded guilty to theft with three prior convictions (Pen. Code, §§ 666, subd. (a), 484, subd. (a), 488; all further undesignated statutory references are to this code), second degree commercial burglary (§§ 459, 460, subd. (b)), and possession of drug paraphernalia (Health & Saf. Code, 11364.1, subd. (a)), and he admitted the prior convictions. The factual basis for defendant's plea included his statement that in April 2013 he willfully and unlawfully entered a Walmart store with the intent to steal, completed the theft, and that he previously had been convicted of theft offenses in December 2008, April 2009, and March 2011. He also admitted he possessed narcotics paraphernalia.

After dismissing the priors (§ 1385), the trial court sentenced defendant to the low term of 16 months on the theft count, with a concurrent six-month term on the

2

drug count, and stayed sentencing for the burglary under section 654. The court also imposed a $280 restitution fine (§ 1202.4) and an additional $280 in restitution if defendant's parole were revoked (§ 1202.45), among other fees and fines.

In March 2015, while on PRCS, defendant filed a petition under Proposition 47 to have his felony theft and burglary convictions designated as misdemeanors (§ 1170.18, subd. (f)). The trial court granted the petition, but over defendant's objection did so under subdivision (a), rather than (f), resulting in a one-year parole term. The court also sentenced defendant to 365 days in jail, with credit for time served of 183 actual days and 182 days for good conduct, but the court declined to apply against his parole term any credit for the excess period defendant served in prison, nor against his time on PRCS or to any fines or fees.

II

DISCUSSION

Defendant first argues he was not "currently serving a sentence" within the meaning of section 1170.18, subdivision (a), when he filed his petition because he had completed his prison term. He remained on PRCS at that time, but insists PRCS does not form part of his sentence for redesignation purposes. A person who has "completed his or her sentence" for a felony offense that Proposition 47 reclassifies as a misdemeanor may apply to have the conviction designated a misdemeanor under section 1170.18, subdivision (f), and is not subject to parole. In contrast, subdivisions (a) and (d) provide that defendants still serving their sentences may have them recalled for misdemeanor resentencing, but may be subject to a parole term up to one year.

As this court explained in *People v. Pinon* (2015) 238 Cal.App.4th 1232, review granted November 18, 2015, S229632 (*Pinon*), a defendant on PRCS is still serving his or her sentence for purposes of section 1170.18, subdivision (a). No Court of Appeal has disagreed and, in any event, we must decide *this* case and we continue to adhere to that position. Thus, we conclude the court correctly imposed a parole term.

3

We agree with defendant, however, that the trial court erred in failing to ensure the parole term it imposed did not result in a total term exceeding defendant's original sentence. As this court held in *Pinon*, we remain persuaded that imposition of a parole period longer than a defendant's remaining PRCS term, and therefore longer than the total term of the defendant's original sentence, violates section 1170.18, subdivision (e), which provides: "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence."

In *People v. Morales* (2016) 63 Cal.4th 399 (*Morales*), the Supreme Court held that credit for excess time an inmate has served does not reduce the parole period, relying on a sentence in the ballot materials for Proposition 47.[1] Accordingly, defendant's bid for parole credit fails. But because nothing in the proposition or ballot materials suggests the usual rule (§ 2900.5, subd. (a)) requiring credit for excess time against eligible fees or fines does *not* apply, we hold as in *People v. Armogeda* (2015) 240 Cal.App.4th 1039 (*Armogeda*), review granted December 9, 2015, S230374, that such credit is available, with the caveat that no credit accrues against restitution amounts. (§ 1205, subd. (f).)

The California Supreme Court will speak to and resolve in a dispositive fashion the issues presented in this appeal, but in the meantime, we see no reason to depart from *Pinon* or *Armogeda*.

### III

### DISPOSITION

Consequently, we affirm the trial court's decision to impose a period of parole after recalling defendant's sentence under Proposition 47 and resentencing him under section 1170.18, subdivisions (a) and (d). But we reverse the sentence and remand

---

[1] The excerpt in the Legislative Analyst's analysis stated: "'Offenders who are resentenced would be required to be on state parole for one year, unless the judge chooses to remove that requirement.'" (*Morales*, *supra*, 63 Cal.4th at p. 407.)

4

for resentencing because the court failed to apply to defendant's nonrestitution fees or fines the excess custody credits he earned under his felony sentence. In resentencing defendant, the trial court must ensure any parole period it imposes does not result in a total term exceeding defendant's original sentence.


ARONSON, ACTING P. J.

WE CONCUR:


FYBEL, J.


THOMPSON, J.