Filed 9/2/16  P. v. Mendez CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051792 |
| v. | (Super. Ct. No. 13CF3556) |
| CHRISTOPHER MARTIN MENDEZ, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Vickie Hix, Temporary Judge.  (Pursuant to Cal. Const., art. VI, § 21.)  Affirmed.

Richard Power, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Kristine A. Gutierrez, and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

Christopher Martin Mendez appeals from the trial court's postjudgment order granting his petition to recall his sentence and reduce his drug possession conviction to a misdemeanor. Mendez argues the trial court was required to apply any excess custody credits to reduce his parole period. After briefing was complete, the Supreme Court filed its opinion in *People v. Morales* (2016) 63 Cal.4th 399 (*Morales*). We ordered the parties to file supplemental letter briefs on the effect of *Morales* on this case. They have done so. Based on *Morales*, and the fact his parole period expired in April 2016, Mendez's claim has no merit. We affirm the postjudgment order.

## FACTS

In January 2014, Mendez pleaded guilty to possession of a controlled substance, methamphetamine (Health & Saf. Code, § 11377, subd. (a)), and admitted prior prison term allegations (Pen. Code, § 667.5, subd. (b), all further statutory references are to the Penal Code). The factual basis for the plea was that "on [November 9, 2013], [he] did unlawfully possess a usable quantity of a controlled substance-methamphetamine." The trial court sentenced Mendez to prison for 16 months, with 117 days credit. On November 4, 2014, the voters enacted Proposition 47, the Safe Neighborhoods and Schools Act (the Act), which became effective the following day. (See § 1170.18.) In April 2015, Mendez filed a petition for resentencing or for reduction of his felony conviction to a misdemeanor (§ 1170.18). The court granted the petition, recalling Mendez's sentence and sentencing him to 365 days in county jail, with credit for time served. The court also placed him on one year of parole.

## DISCUSSION

In his opening brief, Mendez argues the trial court should have applied any excess custody credits to reduce his parole period. This claim was recently rejected by the California Supreme Court in *Morales*.

*Morales, supra,* 63 Cal.4th at pages 404-405, stated as follows: "At issue here is the proper interpretation of section 1170.18, subdivision (d), which provides: 'A

2

person who is resentenced pursuant to subdivision (b) *shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion, as part of its resentencing order, releases the person from parole. Such person is subject to [s]ection 3000.08 parole supervision by the Department of Corrections and Rehabilitation and the jurisdiction of the court in the county in which the parolee is released or resides, or in which an alleged violation of supervision has occurred, for the purpose of hearing petitions to revoke parole and impose a term of custody.' (Italics added.) On its face, this language seems to require the one-year parole period subject to the court's discretion to order otherwise. It states that the person shall receive credit for time served *and* shall be subject to parole." The Supreme Court held, "We conclude that credit for time served does not reduce the parole period." (*Morales, supra,* 63 Cal.4th at p. 403.) In his supplemental briefing, Mendez concedes *Morales* forecloses this claim. He also asserts his claim is moot because his parole period expired in April 2016.

DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


THOMPSON, J.

3