Filed 9/23/16  P. v. Suniga CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　　　v.<br><br>ANTHONY SUNIGA,<br><br>　　　Defendant and Appellant. | F071326<br><br>(Super. Ct. No. VCF261041)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Gary L. Paden, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]　　　Before Levy, Acting P.J., Kane, J. and Poochigian, J.

Appellant Anthony Suniga appeals from the denial of his petition for resentencing under Penal Code section 1170.18, seeking modification of the sentence imposed on his prior conviction for receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)). Appellant contends the denial of his request violates principles of equal protection. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2011, appellant was charged with multiple crimes, including felony charges for unlawful driving or taking of a vehicle (Veh. Code, § 10851) and receiving a stolen vehicle (Pen. Code, § 496d), and misdemeanor charges of being an unlicensed driver (Veh. Code, § 12500) and giving false information to a police officer (Veh. Code, § 31). Following a jury trial where appellant was convicted of the charged misdemeanors, but not resulting in a verdict on the felony counts, appellant pled nolo contendere to the alleged violation of Penal Code section 496d. Appellant received probation.

On May 22, 2014, appellant was found to have violated the terms of his probation. As a result, appellant's probation was terminated and he received an eight-month sentence on the prior conviction under Penal Code section 496d, ordered to run consecutive to his sentence on the charges underlying the probation violation.

After Proposition 47 passed, appellant sought to have his sentence under Penal Code section 496d reduced to a misdemeanor pursuant to Penal Code section 1170.18. The request was opposed by the People and denied by the court. It was noted at the time that appellant had raised an equal protection argument.

This appeal timely followed.

## DISCUSSION

Appellant contends the trial court wrongly denied his petition for resentencing. He claims his sentence violates equal protection principles and must be reduced to a misdemeanor because there is no rational basis why his conviction under Penal Code

2.

section 496d should be punished more harshly than a conviction for theft of a vehicle under Penal Code section 497.

## *Standard of Review and Applicable Law*

"The concept of equal treatment under the laws means that persons similarly situated regarding the legitimate purpose of the law should receive like treatment. [Citation.] '"The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."'" (*People v. Morales* (2016) 63 Cal.4th 399, 408 (*Morales*).)

If this showing is met, a further analysis is undertaken. "'The concept [of equal protection] recognizes that persons similarly situated with respect to the legitimate purpose of the law receive like treatment, but it does not … require absolute equality. [Citations.] Accordingly, a state may provide for differences as long as the result does not amount to invidious discrimination.'" (*People v. Cruz* (2012) 207 Cal.App.4th 664, 675.) "'In resolving equal protection issues, the United States Supreme Court has used three levels of analysis. Distinctions in statutes that involve suspect classifications or touch upon fundamental interests are subject to strict scrutiny, and can be sustained only if they are necessary to achieve a compelling state interest. Classifications based on gender are subject to an intermediate level of review. But most legislation is tested only to determine if the challenged classification bears a rational relationship to a legitimate state purpose.'" (*Ibid.*)

The determination of a statute's constitutionality is a question of law and is thus considered de novo. (*People v. Health Laboratories of North America, Inc.* (2001) 87 Cal.App.4th 442, 445.)

3.

***Denying Appellant's Resentencing Request Is Not an Equal Protection Violation***

Relying on *People v. Noyan* (2014) 232 Cal.App.4th 657 (*Noyan*), appellant claims it violates equal protection to punish theft of a vehicle in a lesser manner than receiving the same stolen vehicle. We disagree.

Appellant's reliance on *Noyan* is misplaced. In *Noyan*, the court was not faced with determining the impact of a retroactive application of sentencing changes but, rather, with the impact of legislative changes on sentencing for postchange convictions. (*Noyan*, *supra*, 232 Cal.App.4th at pp. 663–664.) Thus, its analysis as to whether those suffering new convictions for differing crimes were similarly situated is inapplicable. In addition, appellant's argument wrongly assumes that receiving a stolen vehicle is punished more harshly than taking that same vehicle. Under Vehicle Code section 10851, the taking of a motor vehicle may still be punished as a felony. (See Veh. Code, § 10851.)

Turning to whether an equal protection claim exists in this case, our Supreme Court has noted why there is no equal protection obligation to make revised sentencing provisions retroactive in the context of Proposition 47. "Persons resentenced under Proposition 47 were serving a proper sentence for a crime society had deemed a felony (or a wobbler) when they committed it. Proposition 47 did not have to change that sentence at all. Sentencing changes ameliorating punishment need not be given retroactive effect. '"The Legislature properly may specify that such statutes are prospective only, to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written."'" (*Morales*, *supra*, 63 Cal.4th at pp. 408–409.). The fact that the electorate chooses to permit some convictions to be retroactively reduced, but not others, does not show an equal protection violation because the electorate's legitimate choice regarding which convictions receive retroactive application differentiates the groups. (*See People v. Floyd* (2003) 31 Cal.4th 179, 191

4.

["'[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time.'"].)[1]

## DISPOSITION

The judgment is affirmed.

---

[1] Even if it was shown that two similarly situated groups were being treated differently, there appears to be a rational basis for punishing the receipt of stolen vehicles differently than those who have stolen a vehicle. The theft of one's vehicle can substantially harm those most vulnerable in society, who may rely heavily on their vehicles to survive. Even if punishments for stealing vehicles are reduced, there is still a rational incentive to eliminate the source of income that makes those thefts worth the criminal risk. Thus, increased potential punishments for receiving stolen vehicles can assist with public policy goals that are not inconsistent with reducing criminal punishments for nonviolent theft. (See *People v. Wilkinson* (2004) 33 Cal.4th 821, 840 [decision of how long a particular punishment should be is left to the Legislature, provided they act rationally].)