Filed 11/30/22  P. v. Hayes CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br>v.<br>DAREN HAYES,<br>　　　Defendant and Appellant. | A163679<br><br>(Solano County Super. Ct. No. FCR353928) |

Appellant Daren Hayes appeals the trial court's order requiring him to complete a 52-week domestic violence program as a condition of parole.  In supplemental briefing submitted in response to a request from this court, however, the parties agree that the appeal is moot because defendant's term of parole expired while this appeal was pending.  Finding no applicable exception to the mootness doctrine, we shall dismiss the appeal.

## BACKGROUND

Defendant was convicted of violating Penal Code section 422 (criminal threat) and sentenced to two years and four months in prison.[1]  He was released on parole in July 2020, and referred to the Sonoma County Superior Court's parole re-entry court.

---

[1] Undesignated statutory references are to the Penal Code.

1

One condition of his parole was that he complete a 52-week domestic violence class.

In July 2021, defendant moved the court to dismiss the 52-week domestic violence counseling requirement on the basis that he was gainfully employed, living in a sober living environment, taking care of his mother, and engaged in similar classes for 26 hours per week through the Archway Recovery Services program on topics including domestic violence, anger management, victim impact, denial management, and coping skills.

The trial court granted defendant's request and eliminated the domestic violence counseling requirement. But in September 2021, after reviewing a prosecution motion and section 3053.2, the court reconsidered its earlier order and reinstated the domestic violence condition.[2]

This appeal followed.

## DISCUSSION

Because defendant's parole expiration date was not apparent from the record, on October 13, 2022, this court

---

[2] Section 3053.2, subdivision (b) provides in relevant part that "[t]he Board of Parole Hearings or the supervising parole agency may impose the following condition on the parole of a person released from prison for an offense involving threatening, stalking, sexually abusing, harassing, or violent acts in which the victim is a person specified in Section 6211 of the Family Code. . . . [¶] For persons who committed the offense after January 1, 1997, successful completion of a batterer's program, which shall be a condition of release from parole." Defendant does not dispute that he suffered a conviction based on threatening a person specified in section 6211 of the Family Code.

requested supplemental briefing regarding the date on which defendant's parole would expire and, if his parole had expired or would expire during pendency of the appeal, whether the appeal was moot. In response, the parties agreed that defendant's parole would expire at the end of October 2022, rendering the appeal moot. (*People v. DeLeon* (2017) 3 Cal.5th 640, 645 [defendant's appeal mooted by completion of jail term and termination of parole supervision].)

Defendant recognizes the mootness of his appeal and asks us to dismiss it. The Attorney General, by contrast, asks us to exercise our discretion to address the question of whether the trial court properly found that defendant was required to participate in a domestic violence program pursuant to section 3053.2, arguing that this appeal "involves issues of public importance likely to reoccur." The flaw in the Attorney General's argument is that exercising discretion in a moot case requires not only that the issue be likely to recur, but also that it be one that might otherwise evade appellate review and be of continuing public interest. (*People v. Morales* (2016) 63 Cal.4th 399, 409.)

Although this defendant's parole term expired before his appeal could be decided, the question on this appeal is not one that might otherwise evade review for the simple reason that parole terms can extend for periods ranging from three years up to life. (§§ 3000, subd. (b) [parole terms ranging from three to 10 years], 3000.1, subd. (a)(1) [life term of parole for individuals convicted of first or second degree murder and sentenced to a maximum term of life pursuant to section 1168].) Moreover, as

defendant points out, the trial court's initial decision to eliminate the domestic violence condition was dependent on the highly specific facts of his case—including his participation in the Archway program that covered many of the same subjects that domestic violence classes were likely to address.  Finally, the Attorney General cites no authority suggesting that there is a split of opinion regarding how to interpret section 3053.2, such that this court should weigh in to provide guidance on a matter of continuing public interest.  (Cf. *People v. Bryant* (2021) 11 Cal.5th 976, 983, fn. 3 [citing section 3053.2 as an example of "the Legislature's authority to statutorily mandate general conditions of supervision" of parolees]; *Terhune v. Superior Court* (1998) 65 Cal.App.4th 864, 874 fn. 7 [including section 3053.2 as an example of when "parole conditions are mandated by statute"].)

We therefore decline to exercise our discretion to decide this moot appeal.

## DISPOSITION

The appeal is dismissed.

BROWN, J.

WE CONCUR:

POLLAK, P. J.
STREETER, J.

*People v. Hayes* (A163679)

4