Filed 5/22/23 P. v. Rogers CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B321234 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A383323) |
| v. | |
| MORRIS ROGERS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Henry J. Hall, Judge. Affirmed.

Vanessa Place, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Stephanie A. Miyoshi and Kathy S. Pomerantz, Deputy Attorneys General, for Plaintiff and Respondent.

Morris Rogers appeals from an order resentencing him following a successful petition under Penal Code section 1172.6,[1] to the extent the order imposed a term of parole following his release from prison. Section 1172.6, subdivision (d)(1) provides that after a resentencing court has vacated a conviction for murder, attempted murder, or manslaughter under that section, the court shall "recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence." Section 1172.6, subdivision (h) further mandates that "[a] person who is resentenced pursuant to this section shall be given credit for time served. The judge may order the petitioner to be subject to parole supervision for up to two years following the completion of the sentence."

Here, the resentencing court vacated Rogers's murder conviction and resentenced him to a total of five years on the remaining counts of conviction, credited him with over 39 years of custody confinement, and placed him on parole for two years. Rogers argues that section 1172.6 does not authorize placing him on supervised parole for any amount of time after his release from custody, because "if [he] had been resentenced 'as if [he] had

[1] Subsequent unspecified statutory references are to the Penal Code.

Rogers filed his petition for resentencing under the predecessor to section 1172.6, which was codified as section 1170.95. Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6 (Stats. 2022, ch. 58, § 10) without changing the statute's content. We hereafter cite to section 1172.6 for ease of reference.

not previously been sentenced,' his entire time in custody—approximately 40 years—should have counted as presentence custody offsetting any period of parole."

Rogers acknowledges that two Court of Appeal decisions, *People v. Lamoureux* (2020) 57 Cal.App.5th 136 (*Lamoureux*) and *People v. Wilson* (2020) 53 Cal.App.5th 42 (*Wilson*) have rejected the idea that a court must apply excess custody credits to a period of parole imposed during resentencing under section 1172.6. He argues, however, that these decisions "[did] not consider the mandatory language of [section 1172.6,] subdivision (d)(1)"—that a petitioner be resentenced " 'as if . . . not previously . . . sentenced' "—"focusing instead on the permissive language of [section 1172.6,] subdivision (h)." (Capitalization omitted.)

Because these decisions do not discuss the "as if . . . not previously . . . sentenced" language of section 1172.6, subdivision (d)(1), they do not necessarily speak to whether that language requires a court to apply custody credits to a period of parole imposed under section 1172.6. (See *Styne v. Stevens* (2001) 26 Cal.4th 42, 57–58 & fn. 8.) Nevertheless, as we explain below, at least some of the reasoning in *Wilson* and *Lamoureux* applies equally to, and refutes, Rogers's argument based on the language of section 1172.6, subdivision (d)(1). Accordingly, like the courts in *Wilson* and *Lamoureux,* we interpret section 1172.6 as permitting the court to impose a period of parole of up to two years, regardless of the excess custody credits the petitioner may have earned.

Both *Wilson* and *Lamoureux* use as a starting point for their respective analyses *People v. Morales* (2016) 63 Cal.4th 399 (*Morales*). There, the Supreme Court considered whether

excess custody credits automatically apply to reduce or eliminate a person's parole period when a person is resentenced under section 1170.18, a statute put into effect via Proposition 47 (Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014)) (the Proposition 47 statute). (See *Lamoureux, supra*, 57 Cal.App.5th at p. 142; *Wilson, supra*, 53 Cal.App.5th at pp. 48–50.) The Proposition 47 statute contains some language regarding custody credits similar to what appears in section 1172.6, subdivision (h), namely: "A person who is resentenced [under the Proposition 47 statute] . . . shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole." (§ 1170.18, subd. (d).)

In *Morales*, the Supreme Court found significant that the Proposition 47 statute "[does] not state . . . that credit for time served could reduce the period of parole" (italics omitted), unlike "the statute concerning presentence credit in ordinary cases" (*Morales, supra*, at p. 406), section 2900.5, which provides *both* that "all days of custody of the defendant . . . shall be credited upon his or her term of imprisonment" (§ 2900.5, subd. (a)), *and* that " 'term of imprisonment' includes . . . any period of imprisonment and parole." (§ 2900.5, subd. (c).) The *Morales* court noted that the Proposition 47 statute states "the first part but not the second." (*Morales, supra*, at p. 406.) On this and other bases, including a survey of the ballot materials regarding Proposition 47, analysis of other language in the Proposition 47 statute, and policy concerns, the Supreme Court concluded the Proposition 47 statute does not require excess custody credits to be applied to a period of parole a court imposes when

4

resentencing a defendant under that statute. (See *Morales, supra,* at pp. 406-409.)

In *Wilson*, the First Appellate District concluded that the reasoning in *Morales* applied to the issue of whether excess custody credits must be applied to a period of parole imposed under section 1172.6, subdivision (h).[2] (*Wilson, supra,* 53 Cal.App.5th at p. 50.) *Wilson* noted specifically that section 1172.6, subdivision (h), like the Proposition 47 statute, uses the language "credit for time served" but "does not state—as section 2900.5 states—that the credit may be used to reduce or eliminate any parole period the court may impose." (*Wilson, supra,* at p. 50.) The *Wilson* court concluded that, just as the "the words 'credit for time served' in the Proposition 47 statute do not mandate the use of excess credit to reduce or eliminate the parole period" under *Morales*, the words "credit for time served" contained in section 1172.6, subdivision (h) do not, standing alone, mandate an excess credit offset against a person's parole supervision period. (*Wilson, supra,* at p. 50.) On this and other bases, the *Wilson* court concluded that, under section 1172.6, subdivision (h), a "court is not required to mechanically apply excess custody credits to reduce or eliminate the parole period imposed at a resentencing pursuant to section [1172.6]. Instead, and notwithstanding excess custody credits, the court may exercise its discretion when deciding whether to order a period of parole." (*Wilson, supra,* at p. 46.)

In *Lamoureux*, the Fourth Appellate District "agree[d] with, and adopt[ed], the *Wilson* court's reasoning." (*Lamoureux, supra,* 57 Cal.App.5th at p. 145.) *Lamoureux* further "bolster[ed]"

_____

[2] See footnote 1, *ante*, regarding our use of the renumbered section 1172.6 to refer to its predecessor, section 1170.95.

its holding in accord with *Wilson* by noting that " '[w]hen legislation has been judicially construed and subsequent statutes on a similar subject use identical or substantially similar language, the usual presumption is that the Legislature intended the same construction, unless a contrary intent clearly appears.' [Citations]." (*Ibid.*)  Given the similarities in the language of section 1172.6, subdivision (h) and the Proposition 47 statute, *Lamoureux* "presume[d] the Legislature was aware of the *Morales* decision and its analysis of the Proposition 47 statute" and "intended section [1172.6, subdivision (h)] to receive the same construction the *Morales* court previously gave to the Proposition 47 statute." (*Lamoureux, supra*, at p. 145.)  On these and other bases, *Lamoureux* adopted the interpretation of section 1172.6 set forth in *Wilson*.

Rogers correctly notes that neither *Wilson* nor *Lamoureux* expressly considers whether the "as if . . . not previously . . . sentenced" language in section 1172.6, subdivision (d)(1) can be interpreted as requiring excess custody credits to be counted toward any period of parole a court imposes under section 1172.6. Nevertheless, at least one of the reasons the court in *Lamoureux* provided for interpreting section 1172.6 as it did applies equally to Rogers's argument regarding the subdivision (d)(1) language and is dispositive of the issue Rogers raises on appeal.  Namely, *Lamoureux* noted that we must assume the Legislature was aware of the interpretation *Morales* gave to language that appears in the Proposition 47 statute when the Legislature chose to employ this same language in section 1172.6, and that this signals the Legislature intended that language in section 1172.6 be interpreted as it was in *Morales*.  Rogers argues the Legislature's decision to employ *additional language*

6

elsewhere in section 1172.6—namely, the "as if . . . not previously . . . sentenced" language that does *not* appear in the Proposition 47 statute at issue in *Morales*—reflects an effort by the Legislature to differentiate section 1172.6 from *Morales*'s approach to parole and excess custody credits. But in *Morales*, the Supreme Court also identified specific language that would have led to a different interpretation of the Proposition 47 statute—namely, the language appearing in section 2900.5, but not in the Proposition 47 statute, expressly stating that any "credit for time served" applies to the parole portion of any sentence. (See *Morales, supra*, 63 Cal.4th at p. 406; see also § 2900.5, subd. (c) [defining " 'term of imprisonment' " to which excess custody credits would be credited as "includ[ing] . . . any period of imprisonment and parole"].) That the Legislature presumptively was aware of this aspect of *Morales* as well, yet chose not to add the language from section 2900.5 regarding custody credits and parole, reflects a legislative intent *not* to stray from the approach to excess custody credits and parole described in *Morales*. In sum, we cannot fairly interpret the "as if . . . not previously . . . sentenced" language as reflecting the Legislature's intent to achieve an outcome the *Morales* court specifically held would have been achieved via other language the Legislature chose *not* to employ in section 1172.6. Rather, the "as if . . . not previously . . . sentenced" language—particularly when considered in the context of it being included in a subdivision that does not address parole—is most consistent with the general directive that a successful section 1172.6 petitioner receive an entirely new sentence, something which remains the case, regardless of how custody credits apply to the period of parole discussed elsewhere in the statute.

**DISPOSITION**

The trial court's order is affirmed.

NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


WEINGART, J.

8