Filed 10/18/23  P. v. Vo CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>HUNG LE VO,<br><br>Defendant and Appellant. | G061660<br><br>(Super. Ct. No. 98NF0842)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Gregg L. Prickett, Judge.  Affimed in part, reversed in part, and remanded with directions.

Jeanine G. Strong, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Randall D. Einhorn, Lynne G. McGinnis, and Arlene A Sevidal Deputy Attorneys General, for Plaintiff and Respondent.

\*         \*         \*

This appeal concerns the trial court's decision to resentence Hung Le Vo, pursuant to Penal Code section 1170.95 (now section 1172.6),[1] to an unspecified period of parole. Vo raises the following contentions: (1) the court erred by failing to offset his time already served, eliminating the need for parole; (2) the court failed to exercise its discretion in imposing parole; and (3) the abstract of judgment inaccurately reflected a $10,000 restitution fine and a $200 fee (§ 1202.45). We conclude the last two contentions have merit. Accordingly, we affirm in part, reverse in part, and remand with directions as set forth below.

FACTS AND PROCEDURAL HISTORY

In 2001, Vo was convicted of first degree murder, conspiracy to commit robbery, three counts of attempted second degree robbery, second degree burglary and assault by means of force likely to inflict great bodily injury. The court sentenced Vo to 50 years to life for the first degree murder, six years for the assault, and a consecutive one-year term for a firearm enhancement. The judgment was affirmed in an unpublished opinion by this court. (*People v. Laem et al.* (Feb. 24, 2004, G031167) [nonpub. opn.]).

In 2019, Vo petitioned for resentencing under section 1172.6. The trial court denied the petition. In an unpublished opinion, this court reversed the order and remanded the matter for further proceedings. (*People v. Vo* (May 25, 2021, G059205) [nonpub. opn.].) On remand, the trial court sentenced Vo to 14 years in prison plus an unspecified period of parole. It also ordered Vo to pay a restitution fine of $10,000 plus a $200 fee under section 1202.45.

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). All further statutory references are to the Penal Code unless otherwise indicated.

2

DISCUSSION

*Standard of Review*

The contested portions of this appeal involve questions of statutory interpretation, which are considered de novo. (*Imperial Merchant Services, Inc. v. Hunt* (2009) 47 Cal.4th 381, 387.)

*Offset*

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015) which altered the circumstances under which accomplices can be charged and convicted of felony murder or murder under the natural and probable consequences doctrine. As part of Senate Bill No. 1437, the Legislature enacted section 1170.95 (now section 1172.6) which allowed certain previously convicted defendants to petition the sentencing court to vacate the murder conviction and resentence the petitioner.

In this appeal, there is no dispute Vo qualified for resentencing under section 1172.6. However, because Vo had served more than 20 years of the original sentence, he argues the court should have used those years to offset not only the new sentence (14 years) but, also, the two-year period of parole referenced in section 1172.6, subdivision (h).

Pursuant to section 1172.6, subdivision (h), "[a] person who is resentenced pursuant to this section *shall be given credit for time served*. The judge may order the petitioner to be subject to parole supervision for *up to two years following the completion of the sentence*." (Italics added.) Vo interprets the two sentences of subdivision (h), read together, to mean the trial court must give credit for time served as against both the new sentence and parole. He also argues sections 1170, subdivision (a)(3), 2935, and 2900.5 require the trial court to apply his custody credits to his parole. We disagree.

3

Vo's interpretation of section 1172.6 was considered and rejected in *People v. Lamoureux* (2020) 57 Cal.App.5th 136 (*Lamoureux*) and *People v. Wilson* (2020) 53 Cal.App.5th 42 (*Wilson*). We agree with the legal analysis of these decisions, and conclude, as they did, the trial court was not required to use time served to offset parole.

Vo acknowledges the contrary authority but contends the two cases were entirely and improperly dependent upon *People v. Morales* (2016) 63 Cal.4th 399. That case considered the proper application of Proposition 47, which reclassified certain nonviolent offenses as misdemeanors rather than felonies and allowed defendants who were still serving a sentence to be resentenced as a misdemeanor offender. (*Morales*, at p. 403.) The defendant in that case, who had already been released, petitioned to have his felony conviction reclassified as a misdemeanor. (*Ibid.*) The petition was successful, and the trial court recalled his sentence, imposed a sentence of time served, and placed him on parole. (*Ibid.*) The appellate court affirmed. But the California Supreme Court reversed the Court of Appeal. (*Id.* at pp. 409-410.) The Supreme Court concluded: [C]redit for time served does not reduce the parole period. When it voted on Proposition 47, the electorate was informed, and it intended, that a person who benefitted from the new legislation by receiving a reduced sentence would be placed on parole for one year after completion of the reduced sentence, subject to the court's discretion to release the person from that parole." Vo maintains *Morales* is inapplicable to his case because the language of Proposition 47 mandated one year of parole while section 1172.6 had no similar parole requirement.

*Lamoureux* and *Wilson* determined the trial court had discretion to impose parole and was not required to offset time served against parole under section 1172.6. Neither case blindly adopted the legal analysis set forth in *Morales*. Both referred to *Morales* as "instructive," but each independently analyzed section 1172.6, which included review of the statutory language and legislative history. (*Wilson, supra,* 53 Cal.App.5th at pp. 48-54; *Lamoureux, supra,* 57 Cal.App.5th at pp. 142-150.) Both determined the trial court had discretion to impose parole under section 1172.6, regardless of whether the time already served exceeded the period to which the defendant was resentenced. (*Wilson*, at p. 52; *Lamoureux*, at p. 150.) As explained in *Lamoureux*, "[T]he most natural reading of [section 1172.6, subdivision (h)] is that the first prepositional phrase ('for up to [two] years') modifies the noun immediately preceding it ('parole supervision'), thereby establishing that a resentenced person may be subject to parole supervision for up to [two] years *in duration*. [Citation.] But this phrase is silent on the issue of *when* a person may be subject to parole supervision. That subject is the province of the next prepositional phase in the statute ('following the completion of the sentence'). [Citation.] *Read in full, the statute thus provides that a person may be subject to parole supervision following the completion of the sentence and, furthermore, the parole supervision period may be up to* [*two*] *years in duration.*" [2] (*Lamoureux,* at p. 149, italics added.) Accordingly, in the case before us, the trial court was not required to use the time already served by Vo to offset parole.[3]

---

[2] Section 1170.95, subdivision (g), which was later renumbered as section 1172.6, subdivision (h), originally allowed parole for up to three years. The three-year period was reduced to "up to two years", effective January 1, 2022. (§ 1172.6, subd. (h); see Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022).

[3] Because we find the court was not required to offset time served against parole, we do not address Vo's argument that his counsel's failure to raise the issue constituted ineffective assistance of counsel.

*Length of Parole*

Section 1172.6, subdivision (h), gives the trial court the discretion to order parole "for up to two years." Here, the trial court ordered parole but did not specify a period. Vo argues the court's silence on the length of parole indicates the trial court failed to exercise the discretion granted by the statute.

In supplemental briefing, the Attorney General argues Vo is subject to two years of parole under section 3000.01, subdivision (b)(1), which states, in relevant part: "[N]otwithstanding any other law" "[a]ny inmate sentenced to a determinate term *shall* be released on parole for a period of two years." (Italics added.) Section 3000.01 applies to "persons released from state prison on or after July 1, 2020, and who are subject to the jurisdiction of, and parole supervision by, the Department of Corrections and Rehabilitation pursuant to [s]ection 3000.08 of the Penal Code." Under section 3000.08, persons who are sentenced for certain specified crimes, including robbery, are subject to supervision by the Department of Corrections and Rehabilitation. Vo served a sentence for, among other things, robbery, and was released after July 1, 2020. Citing *People v. Tilley* (2023) 92 Cal.App.5th 772, 794, the Attorney General argues Vo is subject to parole under section 3000.01 and the trial court had no authority to set any term of parole. *Tilley*, however, did not address resentencing under section 1172.6.

Is Vo subject to mandatory two years of parole under section 3000.01 or does the court have discretion to order parole for a period up to two years under section 1172.6? To answer that question, this court must begin with the language of each statute. "Our primary task in construing a statute is to determine the Legislature's intent, and '[t]he statutory language, of course, is the best indicator of legislative intent.'" (*Williams v. Superior Court* (1993) 5 Cal.4th 337, 350.) Section 3000.01 specifies it applies "notwithstanding any other law . . . ." "'The statutory phrase "notwithstanding any other provision of law" has been called a "'term of art'" [citation] that declares the legislative intent to override all *contrary* law.'" (*Arias v. Superior Court* (2009) 46 Cal.4th 969,

6

983.)  Thus, by its terms, section 3000.01 requires Vo to serve two years of parole.

Section 1172.6, subdivision (h), on the other hand, states: "The judge *may* order the

petitioner to be subject to parole supervision *for up to two years* following the completion

of the sentence."  (Italics added.)  The use of the word "may" is commonly understood as

giving the trial judge discretion to determine the length of parole "up to two years."  (*In

re Richard E.* (1978) 21 Cal.3d 349, 354 ["The ordinary import of 'may' is a grant of

discretion"].)

        The plain statutory language of the two statutes is inconsistent.  "'"A court

must, where reasonably possible, harmonize statutes, reconcile seeming inconsistencies

in them, and construe them to give force and effect to all of their provisions."'"  (*State

Dept. of Public Health v. Superior Court* (2015) 60 Cal.4th 940, 955 (*State Dept.*).)  If the

statutes cannot be harmonized, "one must be interpreted as providing an exception to the

other."  (*Id.* at p. 956.)  The current versions of sections 1172.6 and 3000.01 agree on a

two-year maximum period.  However, under section 3000.01, two years of parole are

mandatory while under section 1172.6, the trial court has discretion to impose parole for

any period up to two years.  The two statutes are in direct conflict and cannot be

harmonized.[4]

---

[4] The Attorney General cites *People v. Tan* (2021) 68 Cal.App.5th 1 for the
proposition that the two statutes can be harmonized.  *Tan* addressed an earlier iteration of
section 1172.6, which allowed the court to impose parole for "up to *three* years."  The
court determined the subsequent enactment of section 3000.01, which limited parole to
*two* years for those sentenced to determinate terms, shortened the maximum three-year
period to two years.  *Tan* did not address, in any respect, the issue of the court's
discretion to set parole on resentencing and is not instructive in this case.

"The rules we must apply when faced with two irreconcilable statutes are well established. 'If conflicting statutes cannot be reconciled, later enactments supersede earlier ones [citation], and more specific provisions take precedence over more general ones [citation].' [Citation.] But when these two rules are in conflict, the rule that specific provisions take precedence over more general ones trumps the rule that later-enacted statutes have precedence." (*State Dept.*, *supra,* 60 Cal.4th at p. 960.)

The discretionary language of section 1172.6, subdivision (h), ("up to two years"), is later in time. It was part of a 2021 amendment, with an effective date of January 1, 2022. Section 3000.01, subdivision (b)(1), was enacted a year earlier, with an effective date of August 6, 2020. Section 1172.6, subdivision (h), is also more specific as it is limited to persons resentenced under sections 1172 et seq. In contrast, section 3000.01, subdivision (b)(1), applies to all persons released after serving a determinate sentence for numerous crimes. Because section 1172.6, subdivision (h), is both later and more specific, it is the exception and applies to Vo's resentencing. The judgment is reversed as to the unspecific period of parole and the matter is remanded for the trial court to exercise its discretion and designate a specific period of parole, up to two years.

*Fines and Fees*

Vo appeals the court's imposition of a restitution fine of $10,000 and a $200 fee. After the fine and fee were imposed, Vo's codefendant moved to deem them waived as to both him and Vo. The court granted the motion. The Attorney General agrees the abstract of judgment incorrectly includes the restitution fine of $10,000 and $200 fee. We modify the judgment to remove any award of fines or fees.

DISPOSITION

The judgment is reversed as to the unspecified period of parole and the imposition of fines and fees. The matter is remanded to allow the trial court to: (1) exercise its discretion in imposing a period of parole "of up to two years"; and (2) remove the $10,000 fine and the $200 fee. The trial court is directed to prepare an amended abstract of judgment reflecting the modifications and forward a certified copy to the Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.


SANCHEZ, J.

WE CONCUR:


O'LEARY, P. J.


BEDSWORTH, J.