Filed 9/23/16  P. v. Evans CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>ADELBERT EVANS,<br><br>  Defendant and Appellant. | F069747<br><br>(Super. Ct. No. VCF252609A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Lloyd L. Hicks, Judge.  (Retired Judge of the Tulare Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

William W. Lee, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Levy, Acting P.J., Kane, J. and Poochigian, J.

Appellant Adelbert Evans appeals his sentence following a probation violation related to his prior conviction for receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)). Appellant contends his sentence violates principles of equal protection. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellant has a lengthy criminal history. In 2011, while on probation for a different offense, appellant was arrested and charged with unlawful driving or taking of a vehicle (Veh. Code, § 10851), receiving stolen property, in the form of a motor vehicle (Pen. Code, § 496d), and resisting arrest (Pen. Code, § 148). Appellant ultimately pleaded nolo contendere to the receiving stolen property and resisting arrest charges in exchange for a stayed two-year eight-month sentence, felony probation, and resolution of all outstanding charges in his other pending cases.

The facts adduced at appellant's preliminary hearing showed that he was spotted in a Wal-Mart parking lot entering a brown Chevrolet S-10 pickup truck that had been reported stolen. Appellant began to drive the truck away. When stopped by police, appellant initially pulled over before speeding away as the detaining officer waited for backup to arrive. Appellant was arrested shortly thereafter, walking along the street.

On September 16, 2013, appellant was charged with a probation violation resulting from resisting arrest charges that had recently been filed. He was later convicted of the underlying charge by a jury and, as a result, on May 29, 2014, was found to have violated his probation. Because the two-year eight-month sentence leading to appellant's current probation was itself partially tied to a former conviction that was no longer applicable, appellant was resentenced on his prior conviction under Penal Code section 496d as part of the probation violation proceedings. In those proceedings, appellant was sentenced to a term of 16 months under the felony sentencing provisions of Penal Code section 496d.

This appeal timely followed. Following the filing of appellant's notice of appeal, the citizens of California passed Proposition 47.

## DISCUSSION

Appellant contends his sentence violates equal protection principles and must be reversed. This argument takes two forms. First, appellant argues a "defendant with the same offense date, sentencing date, prior criminal record as appellant, but convicted under [Penal Code] section 496[, subdivision ](a) instead of [Penal Code section] 496d[, subdivision ](a), would have the opportunity to have his conviction and sentence reduced to a misdemeanor," an opportunity appellant has been denied. Second, appellant contends there is "no rational connection to legitimate legislative purposes to permit felony punishment for possession of a stolen vehicle valued at $950 or less, when possession of stolen property of the same value generally requires only misdemeanor punishment."

### *Standard of Review and Applicable Law*

"The concept of equal treatment under the laws means that persons similarly situated regarding the legitimate purpose of the law should receive like treatment. [Citation.] '"The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged."'" (*People v. Morales* (2016) 63 Cal.4th 399, 408 (*Morales*).)

If this showing is met, a further analysis is undertaken. "'The concept [of equal protection] recognizes that persons similarly situated with respect to the legitimate purpose of the law receive like treatment, but it does not … require absolute equality. [Citations.] Accordingly, a state may provide for differences as long as the result does not amount to invidious discrimination.'" (*People v. Cruz* (2012) 207 Cal.App.4th 664,

675.)  "'In resolving equal protection issues, the United States Supreme Court has used three levels of analysis.  Distinctions in statutes that involve suspect classifications or touch upon fundamental interests are subject to strict scrutiny, and can be sustained only if they are necessary to achieve a compelling state interest.  Classifications based on gender are subject to an intermediate level of review.  But most legislation is tested only to determine if the challenged classification bears a rational relationship to a legitimate state purpose.'"  (*Ibid.*)

The determination of a statute's constitutionality is a question of law and is thus considered de novo.  (*People v. Health Laboratories of North America, Inc.* (2001) 87 Cal.App.4th 442, 445.)

## *Appellant's Conviction Does Not Show an Equal Protection Violation*

As noted above, there are two variations of an equal protection argument presented in the briefing.  In the first, the two allegedly similar groups are those that have stolen general property worth less than $950 and those that have stolen a vehicle worth less than $950, where the alleged disparate treatment is the ability to seek a reduced sentence under Proposition 47.  This formulation, argues appellant, is being treated differently because he is not being given the opportunity to benefit from the changes enacted through Proposition 47.  In the second, the two alleged groups are those that are charged with receiving stolen property worth less than $950 under Penal Code section 496 and those that are charged with receiving a stolen vehicle worth less than $950 under Penal Code section 496d, with the alleged disparate treatment being the fact that receiving stolen property is a misdemeanor, but receiving a stolen automobile is a wobbler.  The second argues that appellant is being treated differently because he was charged with a crime that is punished differently than a virtually identical offense.  In

both examples, appellant cannot show that the identified groups are similarly situated for purposes of the law challenged.[1]

On the first claim, no equal protection violation arises simply because appellant was excluded from the changes enacted through Proposition 47. Our Supreme Court has noted why there is no equal protection obligation to either modify existing sentences or make revised sentencing provisions retroactive in the context of Proposition 47. "Persons resentenced under Proposition 47 were serving a proper sentence for a crime society had deemed a felony (or a wobbler) when they committed it. Proposition 47 did not have to change that sentence at all. Sentencing changes ameliorating punishment need not be given retroactive effect. '"The Legislature properly may specify that such statutes are prospective only, to assure that penal laws will maintain their desired deterrent effect by carrying out the original prescribed punishment as written."'" (*Morales*, *supra*, 63 Cal.4th at pp. 408–409.). The fact that the electorate chooses to modify certain sentences and permit those convictions to be retroactively reduced, but not others, does not show an equal protection violation because the electorate's legitimate choice regarding which convictions to modify differentiates the groups. (*See People v. Floyd* (2003) 31 Cal.4th 179, 191 ["'[T]he 14th Amendment does not forbid statutes and statutory changes to have a beginning, and thus to discriminate between the rights of an earlier and later time.'"].) This is particularly true here, where appellant was convicted and sentenced prior to when Proposition 47 was enacted. Appellant does not contest that at the time he was sentenced, his sentence was proper. That the electorate later decided to reduce sentences for similar crimes, but not for those convicted under Penal Code section 496d does not change the legitimacy of his initial sentence.

---

[1]     Appellant does not argue he is eligible for resentencing under Penal Code section 1170.18. As such, we do not agree with the People that appellant must first request resentencing under that statute before raising his equal protection claims. Rather, appellant's claims turn on whether one who is not directly affected by Proposition 47 can show an equal protection violation arose as a result of the Proposition 47's enactment.

With respect to the argument that equal protection principles are violated because appellant was charged with a crime that is punished differently than a virtually identical offense, there is again no similarly situated group of people being treated differently. At the time appellant was sentenced, there were not similar crimes being punished differently. Yet, even if there were, this would not show an equal protection violation. Under the instruction of *United States v. Batchelder* (1979) 442 U.S. 114, the California Supreme Court has held that "neither the existence of two identical criminal statutes prescribing different levels of punishments, nor the exercise of a prosecutor's discretion in charging under one such statute and not the other, violates equal protection principles." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 838 (*Wilkinson*).) The resulting difference in punishment from the existence of two statutes criminalizing similar conduct is not, itself, an equal protection violation.[2]

Absent an argument that one was "singled out deliberately for prosecution on the basis of some invidious criterion," there is no cognizable claim that equal protection principles have been violated due to different statutes providing different penalties for similar conduct. (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 568 [continuing on to reject claim that two otherwise identical classes of juveniles are created based on decision whether to charge in juvenile or adult court].) No such additional allegations have been made here and, thus, there has been no showing sufficient to trigger a further equal protection inquiry.

---

[2] Even if it was shown that two similarly situated groups were being treated differently, there appears to be a rational basis for punishing the receipt of stolen vehicles differently than the receipt of stolen property generally. The theft of one's vehicle can substantially harm those most vulnerable in society, who may rely heavily on their vehicles to survive. Even if punishments for stealing vehicles are reduced, there is still a rational incentive to eliminate the source of income that makes those thefts worth the criminal risk. Thus, increased potential punishments for receiving stolen vehicles can assist with public policy goals that are not necessarily present in all receipt of stolen property cases. (See *Wilkinson*, *supra*, 33 Cal.4th at p. 840 [decision of how long a particular punishment should be is left to the Legislature, provided they act rationally].)

## DISPOSITION

The judgment is affirmed.