Filed 8/19/21

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>TAK SUN TAN,<br><br>    Defendant and Appellant. | B308687<br><br>Los Angeles County<br>Super. Ct. No. BA131282 |

        APPEAL from a judgment of the Superior Court of Los Angeles County, Stephen A. Marcus, Judge. Affirmed as modified with directions.

        Brian C. McComas, under appointment by the Court of Appeal, for Defendant and Appellant.

        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and Idan Ivri, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 1998, defendant Tak Sun Tan was convicted of robbery and first degree murder. In 2020, the trial court vacated Tan's murder conviction under Penal Code[1] section 1170.95, resentenced him on the robbery count, and ordered him released on time served. The court also imposed a three-year parole term. On appeal, Tan contends section 3000.01, which was enacted before he was resentenced in this case, limits his parole term to two years. The People concede the point, and, as a matter of first impression, we agree. We therefore modify Tan's sentence to reflect a two-year parole term and affirm as modified.

## BACKGROUND[2]

In 1998, Tan was convicted of one count of first degree murder (§ 187; count 1) and one count of robbery (§ 211; count 2). The jury found firearm allegations (§ 12022, subd. (a)(1)) true for both counts. Tan admitted a prior conviction that had been alleged as both a strike prior (§§ 1170.12, subds. (a)–(d), 667, subds. (b)–(i)) and a serious-felony prior (§ 667, subd. (a)). The court sentenced him to an aggregate indeterminate term of 56 years to life for count 1 and stayed count 2 under section 654.

On January 1, 2019, Senate Bill No. 1437 (Stats. 2018, ch. 1015), changed sections 188 and 189 governing accomplice liability for felony murder and murder under the natural and probable consequences doctrine. As part of the bill, the

---

[1] All undesignated statutory references are to the Penal Code.

[2] Because the underlying facts of this case are not relevant to the appeal, we do not address them.

Legislature enacted section 1170.95, which allows defendants who could not be convicted of murder under the amended law to petition to vacate their murder convictions and be resentenced on any remaining counts. (§ 1170.95, subds. (a), (b), (d)(1), (3).) The statute also provides: "A person who is resentenced pursuant to this section shall be given credit for time served. The judge may order the petitioner to be subject to parole supervision for up to three years following the completion of the sentence." (*Id.*, subd. (g).)

On May 31, 2019, Tan filed a petition for resentencing under section 1170.95, and the court appointed counsel to represent him. After briefing from both parties, the court issued an order to show cause under section 1170.95, subdivision (c), then held an evidentiary hearing under subdivision (d)(3). After the hearing, the court held that no reasonable jury could convict Tan of murder under current law and granted the petition.

The court vacated Tan's murder conviction, imposed an aggregate determinate term of 16 years for the robbery conviction—the high term of five years for count 2, doubled for the prior strike, plus one year for the firearm enhancement and five years for the serious-felony prior—and ordered him released on time served. The court also placed Tan on parole supervision for three years.

Tan filed a timely notice of appeal.

## DISCUSSION

Tan contends that under section 3000.01, his maximum parole term is two years, and as such, the three-year parole term imposed in this case is unauthorized. The People properly concede the point, and we agree.

## 1. Legal Principles and Standard of Review

We may correct an unauthorized sentence on appeal despite failure to object below. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) A sentence is unauthorized if "it could not lawfully be imposed under any circumstance in the particular case." (*Ibid*.)

The meaning of and intersection between the parole provisions in sections 1170.95 and 3000.01 are "questions of statutory interpretation that we must consider de novo." (*People v. Prunty* (2015) 62 Cal.4th 59, 71.) As with any case involving statutory interpretation, our primary goal is to ascertain and effectuate the lawmakers' intent. (*People v. Park* (2013) 56 Cal.4th 782, 796.) To determine intent, we "examine the ordinary meaning of the statutory language, the text of related provisions, and the overarching structure of the statutory scheme." (*Weatherford v. City of San Rafael* (2017) 2 Cal.5th 1241, 1246.) If the statutory language is unambiguous, its plain meaning controls, and " 'there is no need for further construction.' " (*People v. Gonzales* (2017) 2 Cal.5th 858, 868.)

If the statutory language is ambiguous, " ' "we may resort to extrinsic sources, including the ostensible objects to be achieved and the legislative history." [Citation.] Ultimately we choose the construction that comports most closely with the apparent intent of the lawmakers, with a view to promoting rather than defeating the general purpose of the statute. [Citations.]' " (*Mays v. City of Los Angeles* (2008) 43 Cal.4th 313, 321.)

## 2. Section 3000.01 is unambiguous.

Section 1170.95, subdivision (g), provides: "A person who is resentenced pursuant to this section shall be given credit for time

4

served. The judge *may order* the petitioner to be subject to parole supervision for *up to* three years following the completion of the sentence." (Italics added.) Section 3000, in turn, governs the length of parole periods for defendants convicted of various crimes and includes many parole periods that exceed three years. But in 2020, the Legislature enacted a new parole statute that applies "notwithstanding any other law" to "persons released from state prison on or after July 1, 2020 … ." (§ 3000.01, subds. (b) & (a).)

Under section 3000.01, "[a]ny inmate sentenced to a determinate term shall be released on parole for a period of two years." (§ 3000.01, subd. (b)(1).) And "[a]ny inmate sentenced to a life term shall be released on parole for a period of three years." (*Id.*, subd. (b)(2).) The statute specifically exempts sex offenders and inmates whose offenses carried shorter parole terms when their offenses were committed. (*Id.*, subd. (d).) It does not exempt inmates granted relief under section 1170.95.[3]

Here, Tan was sentenced to a 16-year determinate term on August 17, 2020, after section 3000.01's effective date. (Stats. 2020, ch. 29 [filed with Secretary of State Aug. 6, 2020]; *id.*, § 44 [budget legislation to take effect immediately].) Because he was released from prison after July 1, 2020, and is not excluded by subdivision (d), under the plain language of section 3000.01, Tan's maximum parole term is two years.

---

[3] Presumably, had the Legislature wished to exempt such inmates, it would have done so by adding them to the list of exempt inmates in subdivision (d).

### 3. Section 3000.01 does not conflict with section 1170.95.

To be sure, the parole provision in section 1170.95, subdivision (g)—that a court, upon resentencing a petitioner under the statute, "may order the petitioner to be subject to parole supervision for up to three years following the completion of the sentence"—could be read to conflict with section 3000.01 by giving courts discretion to impose up to three years of parole in any case.

But our role is to harmonize the law where possible—and the two statutes may also be read harmoniously. (*People v. Pieters* (1991) 52 Cal.3d 894, 899.) Under a harmonious reading, although the court may not impose more than three years of parole on any offender granted relief under section 1170.95, that maximum period may be shortened by other laws. Section 3000.01, enacted the following year, is such a law. It imposed limits on which parolees may be subject to the maximum three-year term (those resentenced to life in prison) and which may only receive a two-year term (those resentenced to determinate terms).[4]

We acknowledge that two cases have taken a more expansive view of section 1170.95's parole provision: *People v. Wilson* (2020) 53 Cal.App.5th 42 and *People v. Lamoureux* (2020) 57 Cal.App.5th 136. The issue in those cases was whether a petitioner's excess custody credits could be used to reduce his parole term in section 1170.95 cases. (*Wilson*, at p. 46; *Lamoureux*, at p. 145.) Neither case considered section 3000.01,

---

[4] As the People note, not all petitioners afforded section 1170.95 relief will be sentenced to determinate terms; some, for example, may be sentenced to indeterminate terms under the Three Strikes law.

however, and the People concede that they do not apply here. (See *People v. Escarcega* (2019) 32 Cal.App.5th 362, 378 ["opinions are not authority for propositions not considered therein"].) As such, we do not address them.

We do note one important difference, however: *Wilson* and *Lamoureux* were construing section 1170.95 alongside the general rule that extra custody credit must be applied against a released inmate's parole term—a rule that predates section 1170.95 and had previously been addressed in the context of Proposition 47. (See *People v. Morales* (2016) 63 Cal.4th 399.) The statute we interpret in this case, however, was enacted *after* section 1170.95 and specifically states that it applies "notwithstanding any other law … ." (§ 3000.01, subd. (b); see *In re Greg F.* (2012) 55 Cal.4th 393, 406 ["When the Legislature intends for a statute to prevail over all contrary law, it typically signals this intent by using phrases like " 'notwithstanding any other law' "]; *Arias v. Superior Court* (2009) 46 Cal.4th 969, 983 ["The statutory phrase ' "notwithstanding any other provision of law" ' has been called 'a " 'term of art' " [citation] that declares the legislative intent to override all *contrary* law' "].) We presume that the Legislature, when drafting this language, knew that it had enacted section 1170.95 the year before and intended to maintain a consistent body of rules. (See *People v. Frahs* (2020) 9 Cal.5th 618, 634.)

## DISPOSITION

The judgment is modified to reduce Tan's period of parole supervision to two years. As modified, we affirm. Upon remand, the court is directed to amend the minute order of August 17, 2020, and the abstract of judgment to reflect the judgment as modified and to send a certified copy of the abstract of judgment to the Department of Corrections and Rehabilitation.

## CERTIFIED FOR PUBLICATION

LAVIN, Acting P. J.

WE CONCUR:

EGERTON, J.

HILL, J.*

---

* Judge of the Santa Barbara Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.