Filed 4/29/22

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　Plaintiff and Respondent,<br><br>　　v.<br><br>MIGUEL DELGADO,<br><br>　Defendant and Appellant. | G059650<br><br>(Super. Ct. No. 94NF2484)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Cheri T. Pham, Judge.  Reversed and remanded with directions.

Benjamin Kington, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Steve Oetting, Deputy Attorneys General, for Plaintiff and Respondent.

We find ourselves in the unfamiliar position of choosing to publish an opinion regarding an issue the parties are in agreement on. Having no prior experience with this scenario, we feel the need to explain that we publish because the issue implicates evolving precedent that has greatly altered our perception of past legislation, and we hope by writing on this change to be able to head off a multitude of briefs before they reach the trial courts.

Following a series of United States Supreme Court decisions affording juvenile offenders greater sentencing protections under the Eighth Amendment, the California Legislature enacted a statutory scheme granting early parole consideration for most youthful offenders. The California Supreme Court has since ruled those offenders are entitled to make a record related to their future parole consideration in a special type of hearing that has come to be known as a *Franklin* proceeding. (See *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*).)[1] The issue in our case is whether youthful offenders who are statutorily ineligible for early parole consideration are nevertheless entitled to a *Franklin* proceeding to preserve evidence for their eventual parole hearing. With all parties here in agreement, we answer that question in the affirmative, we reverse the trial court's order denying appellant's request for a *Franklin* proceeding, and remand the matter for such a proceeding.

FACTUAL AND PROCEDURAL BACKGROUND

During his early 20's, appellant was involved in three separate criminal incidents. The first occurred in 1994, when the police found a loaded handgun in the trunk of his car during a traffic stop. The second and third incidents involved armed home-invasion robberies appellant and his cohorts committed four months apart in 1995.

---

[1] "*Franklin* processes are more properly called 'proceedings' rather than 'hearings.' A hearing generally involves definitive issues of law or fact to be determined with a decision rendered based on that determination. [Citations.] A proceeding is a broader term describing the form or manner of conducting judicial business before a court. [Citations.] While a judicial officer presides over a *Franklin* proceeding and regulates its conduct, the officer is not called upon to make findings of fact or render any final determination at the proceeding's conclusion." (*In re Cook* (2019) 7 Cal.5th 439, 449, fn. 3.)

During the robberies, appellant and his confederates kidnapped, assaulted, and threatened to kill several of their victims.

As a result of those incidents, appellant was convicted of kidnapping for robbery and multiple counts of robbery, burglary, false imprisonment and illegal gun possession. He was also found to have personally used a firearm during the offenses and suffered a prior strike conviction. The trial court sentenced him to 59 years to life in prison under the "Three Strikes" law. (See Pen. Code, §§ 667, subds. (b)-(j), 1170.12.) [2]

In 2020, appellant requested a *Franklin* proceeding to present mitigation evidence in anticipation of his youth offender parole hearing (YOPH). However, the trial court correctly determined appellant was not eligible for a YOPH because he was sentenced under the Three Strikes law. Therefore, it denied his request for a *Franklin* proceeding. This appeal followed.

DISCUSSION

Appellant admits he is statutorily ineligible for a YOPH because he was sentenced under the Three Strikes law. However, he contends he is entitled to a YOPH – and a concomitant *Franklin* proceeding – as a matter of equal protection. Although we reject appellant's equal protection argument, both parties now conclude he is entitled to a *Franklin* proceeding under the standard rules applicable to all parole hearings. We agree.

*Legal Framework*

Over the past two decades, the United States Supreme Court has redefined the parameters of juvenile sentencing. In *Roper v. Simmons* (2005) 543 U.S. 551, the court held the Eighth Amendment proscribes capital punishment for minors. Then, in *Graham v. Florida* (2010) 560 U.S. 48, the court found it cruel and unusual to sentence juvenile nonhomicide offenders to life in prison without parole (LWOP). The high court followed that decision with *Miller v. Alabama* (2012) 567 U.S. 460, which prohibits

_____

[2] All further statutory references are to the Penal Code.

3

mandatory LWOP for juvenile homicide offenders. (See also *People v. Caballero* (2012) 55 Cal.4th 262 [barring de facto LWOP sentences for juvenile nonhomicide offenders].)

The underlying rationale of these decisions is that "[b]ecause juveniles have diminished culpability and greater prospects for reform," as compared to adult offenders, "'they are less deserving of the most severe punishments.' [Citation.]" (*Miller v. Alabama, supra*, 567 U.S. at p. 471.) Consequently, except in the rarest of circumstances – not presented here – juvenile offenders facing life-long prison terms must be given a meaningful opportunity to demonstrate their rehabilitation and fitness to reenter society at some point in the future. (*People v. Caballero, supra,* 55 Cal.4th at p. 268.)

To that end, the Legislature enacted section 3051, which authorizes a YOPH for defendants who were 25 years of age or younger at the time of their controlling offense, i.e., the crime for which they received the longest term of imprisonment. (§ 3051, subd. (a).) For youthful offenders such as appellant, who were sentenced to an indeterminate term of 25 years to life or greater, the statute calls for a YOPH during the 25th year of their incarceration. (*Id*., subd. (b)(3).) However, per its terms, section 3051 does not apply if the defendant was convicted under the Three Strikes law (pertaining to repeat offenders) or the "One Strike" law (pertaining to certain sexual offenders), or if he was sentenced to LWOP for an offense committed after he reached the age of 18. (*Id*., subd. (h).)

In *Franklin*, the California Supreme Court discussed the import of section 3051 when it applies. As the court pointed out, the statute contemplates the parole board will consider "youth-related factors, such as [the juvenile offender's] cognitive ability, character, and social and family background at the time of [his] offense," in determining his suitability for parole. (*Franklin, supra*, 63 Cal.4th at p. 269.) Therefore, "section 3051, subdivision (f)(2) provides that '[f]amily members, friends, school personnel, faith leaders, and representatives from community-based organizations with knowledge about

4

the individual before the crime . . . may submit statements for review by the board.'" (*Id.* at p. 283.)

Franklin further stated, "Assembling such statements 'about the individual before the crime' is typically a task more easily done at or near the time of the juvenile's offense rather than decades later when memories have faded, records may have been lost or destroyed, or family or community members may have relocated or passed away." (*Franklin, supra,* 63 Cal.4th at pp. 283-284.)  In addition, the parole board must consider any "'psychological evaluations and risk assessment instruments'" that may be relevant to show "'any subsequent growth and increased maturity of the individual.'" (*Id.* at p. 284, quoting § 3051, subd. (f)(1).)  Our Supreme Court found this "implies the availability of information about the offender *when he was a juvenile*." (*Ibid.*, italics added.)

The record in *Franklin* was unclear whether the juvenile in that case had been given a sufficient opportunity at sentencing to make a record that included this sort of information.  (*Franklin, supra*, 63 Cal.4th at p. 284.)  Accordingly, the Supreme Court remanded the case to allow the trial court to make this determination.  (*Ibid.*)  In so doing, the court also instructed that if the trial court determined the juvenile had not been afforded a sufficient opportunity to make a record, he should be allowed to present "any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors." (*Ibid.*)  Writing separately, Justice Werdegar described this as a "'baseline hearing'" relevant to the juvenile's future parole prospects. (*Id.* at p. 287 conc. & dis. opn. of Werdegar, J.).)

Since *Franklin*, the California Supreme Court has decided its holding applies retroactively to all eligible youthful offenders regardless of when they suffered their conviction. (*In re Cook, supra,* 7 Cal.5th at p. 450.)  Therefore, the fact appellant

5

did not request a *Franklin* proceeding until after the judgment against him was already final has no bearing on his entitlement to relief. (*Id*. at p. 452.)

*Equal Protection Claim*

Appellant's equal protection argument is grounded in the fact he was 23 and 24 years old at the time he committed his offenses. As we have explained, when a defendant is sentenced for crimes he committed when he was under the age of 25, he is typically entitled to early parole consideration in the form of a YOPH no later than the 25th year of his incarceration. (§ 3051, subds. (a)-(b).) But youthful offenders like appellant, who were sentenced under the Three Strikes law, are not eligible for such a hearing. (*Id*., subd. (h).)

To succeed on his claim this statutory framework violates equal protection, appellant must first show he is similarly situated to other defendants who receive more favorable treatment under section 3051. (*People v. Morales* (2016) 63 Cal.4th 399, 408.) In other words, appellant must show he is similar to youthful offenders who have not suffered any prior strike convictions. However, the law is well established that defendants with prior strikes are not comparable to such offenders for equal protection purposes. (*People v. Wilkes* (2020) 46 Cal.App.5th 1159, 1165-1166.) This dooms appellant's claim from the outset. (*Ibid*.)

But even if we assumed youthful offenders with prior strikes were similarly situated to youthful offenders without prior strikes, "the Legislature could rationally determine that the former – 'a recidivist who has engaged in significant antisocial behavior and who has not benefited from the intervention of the criminal justice system' [citation] – presents too great a risk of recidivism to allow the possibility of early parole." (*People v. Wilkes, supra*, 46 Cal.App.5th at p. 1166.) Therefore, "the differential treatment of youth offenders sentenced pursuant to the Three Strikes Law for purposes of youth offender parole hearings does not violate equal protection." (*Id*. at p. 1167; accord, *People v. Moore* (2021) 68 Cal.App.5th 856 [excluding Three Strike defendants from

6

youth offender parole consideration is a rational approach to addressing the problem of recidivism].)

In arguing otherwise, appellant points out that some youthful offenders who are excluded from early parole consideration under section 3051 have successfully challenged their exclusion on equal protection grounds. For example, in *People v. Edwards* (2019) 34 Cal.App.5th 183 (*Edwards*), the court ruled section 3051's exclusion of youthful sex offenders who are convicted under the One Strike law was irrational for equal protection purposes because the statute does not similarly exclude youthful offenders who are convicted of the more serious crime of first degree murder. (*Id*. at pp. 196-197.)

However, in *Edwards*, the court was comparing first-time offenders to first-time offenders. "'The distinguishing characteristic of Three Strikes offenders, of course, is that they are not being sentenced for a first-time offense. Thus, the ample authority rejecting equal protection challenges from Three Strikes offenders did not apply in *Edwards*. Indeed, *Edwards* itself took pains to "note that criminal history plays no role in defining a One Strike crime" and that "[t]he problem in this case is" the categorical exclusion of "an entire class of youthful offenders convicted of a crime short of homicide . . ., *regardless of criminal history* . . . ." [Citation.]' [Citation.]" (*People v. Moore, supra*, 68 Cal.App.5th at p. 864.)

In contrast, appellant's exclusion from early parole consideration is directly attributable to his criminal history and the fact he failed to reform after suffering his first strike conviction. This failure both distinguishes him from first-time offenders and renders his exclusion rational for purposes of equal protection. Therefore, he is not entitled to a YOPH and a concomitant *Franklin* proceeding as a matter of equal protection.

*Section 4801*

But there is another legal basis for granting appellant a *Franklin* proceeding. As respondent concedes, that entitlement lies in subdivision (c) of section 4801, which was enacted in conjunction with 3051.[3]

Like section 3051, section 4801, subdivision (c) was enacted in 2014 as part of the Legislature's effort to bring California law into conformity with Supreme Court precedent respecting juvenile sentencing. (*Franklin, supra*, 63 Cal.4th at pp. 268, 276.) That subdivision provides, "When a prisoner committed his or her controlling offense, as defined in subdivision (a) of Section 3051, when he or she was 25 years of age or younger, the board, in reviewing a prisoner's suitability for parole pursuant to Section 3041.5, shall give great weight to the diminished culpability of juveniles as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c).)

Section 3041.5 sets forth the procedures governing parole hearings and applies generally to "all [such] hearings." (§ 3041.5, subd. (a).) It is apparent from the Legislature's reference to that statute that it intended the criteria set forth in section 4801, subdivision (c) to apply broadly to all parole hearings, not just YOPHs. (*People v. Howard* (2021) 74 Cal.App.5th 141, 147; *In re Brownlee* (2020) 50 Cal.App.5th 720, 725.) Consequently, even though appellant is not entitled to a YOPH, the parole board will still – someday – have to consider his diminished capacity and subsequent maturation in assessing his suitability for parole. (*Ibid.*)

Those are the same factors the board must consider in conducting a YOPH under section 3051. Given their importance at appellant's parole hearing, it follows from

---

[3] After initial briefing in this case was complete, we solicited and received supplemental briefing from the parties on the potential applicability of section 4801, subdivision (c) to appellant's request for a *Franklin* proceeding.

*Franklin* that he should be given the opportunity to make a record of those factors. Now. In fact, respondent admirably concedes that because section 4801, subdivision (c) requires the parole board to consider youth-related factors during parole hearings for youthful offenders, *Franklin* proceedings should be provided to appellant and all other defendants who are statutorily ineligible for a YOPH under section 3051.

We accept this concession as a logical extension of the *Franklin* decision. Because appellant was sentenced before section 4801, subdivision (c) was enacted, he is entitled to a limited remand to make a record of youth-related factors for his future parole hearing under section 3041.5. At that proceeding, the presentation of evidence shall proceed with an eye to providing a meaningful baseline of appellant's characteristics and circumstances so the parole board can someday judge the extent to which he has matured and rehabilitated himself while in custody. In that regard, only such evidence as meaningfully adds to the existing record shall be permitted. (*In re Cook, supra*, 7 Cal.5th at p. 459; *People v. Howard, supra,* 74 Cal.App.5th at p. 153.)

# DISPOSITION

The trial court's order denying appellant's request for a *Franklin* proceeding is reversed and the matter is remanded for such a proceeding.


BEDSWORTH, ACTING P. J.

WE CONCUR:


MOORE, J.


ZELON, J.*


*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.