Filed 6/8/22  P. v. Stewart CA1/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>STEVEN MATTHEW STEWART,<br><br>        Defendant and Appellant. | A157857<br><br>(Napa County Super. Ct. No. 19CR000855) |

This case returned to us from the California Supreme Court with directions to vacate our prior opinion and reconsider the matter in light of recent legislation.  As we will explain, external events have rendered the appeal moot and we now order it dismissed.

### BACKGROUND

Steven Matthew Stewart was placed on probation after pleading no contest to one count of assault by means likely to result in great bodily injury. He challenged the imposition of a probation condition requiring him to refrain from using marijuana as unrelated to his offense or future criminality, and we affirmed in an unpublished opinion.  (*People v. Stewart* (A157857, Nov. 12, 2020 [nonpub. opn.].)  While the appeal was pending, the Legislature enacted Assembly Bill No. 1950 (Assembly Bill 1950), amending Penal Code section 1203.1, subdivision (a), to limit felony probation to a

1

maximum term of two years, absent circumstances not applicable here. (Stats. 2020, ch. 328, § 2, eff. Jan. 1, 2021.) Stewart petitioned for rehearing, seeking the benefit of the amended statute.

We granted Stewart's petition for rehearing and issued an opinion April 7, 2021, modifying the probation order to specify that he was granted probation for a period of two years. In so doing, we rejected the Attorney General's arguments that (1) Assembly Bill 1950 does not apply retroactively and (2) if it does, the case would have to be remanded to give the prosecution an opportunity to either agree to the new term, or withdraw from the plea agreement pursuant to which probation was imposed. This remedy was required by *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) in the context of retroactive application of Senate Bill No. 1393, which amended Penal Code section 1385[1] to remove a prohibition against trial courts striking prior serious felony convictions for purposes of enhancement under section 667. (Stats. 2018, ch. 1013, § 2.)

After we issued our opinion, the Attorney General filed a petition for rehearing, arguing Assembly Bill 1950 did not apply to this case for a reason not raised in the Attorney General's opposition to Stewart's petition for rehearing—that Assembly Bill 1950 contains an exception for offenses involving a domestic violence victim. We denied rehearing.

The Attorney General then petitioned for review by the California Supreme Court. The petition asked the Supreme Court to grant review and defer briefing pending resolution of *People v. Hernandez* (2020) 55 Cal.App.5th 942, review granted January 27, 2021, S265739 (*Hernandez*), a case that followed *Stamps* in the context of retroactive application of Senate Bill No. 136 (2019-2020 Reg. Sess.), which limited prior prison term

---

[1] Further statutory references will be to the Penal Code.

enhancements under section 667.5, subdivision (b), to prior prison terms for specified sexually violent offenses. The petition also asked the Supreme Court to decide whether cases involving domestic violence victims are exempted from Assembly Bill 1950's limit on probation terms. The Supreme Court granted review and deferred further action pending consideration of *Hernandez.* (*People v. Stewart* (2021) 62 Cal.App.5th 1065, review granted June 30, 2021, S268787.)

On April 20, 2022, the Supreme Court transferred the case back to us with directions to vacate our decision and reconsider the cause in light of Senate Bill No. 483 (Senate Bill 483) (2020-2021 Reg. Sess.). Senate Bill 483, subject to specified exceptions, invalidates certain enhancements for prior prison terms (§ 667.5, former subd. (b)) and drug convictions (Health & Saf. Code, § 11370.2) imposed before those enhancements were eliminated by Senate Bill No. 136 and Senate Bill No. 180 (2017-2018 Reg. Sess.), respectively. Most relevant here, Senate Bill 483 expressly states the Legislature's intent to apply Senate Bills Nos. 136 and 180 retroactively and intent "that any changes to a sentence as a result of the act that added this section shall not be a basis for a prosecutor or court to rescind a plea agreement." (Legis. Counsel's Dig., Sen. Bill No. 483, Stats. 2021, ch. 728, § 1; *People v. Flores* (2022) 77 Cal.App.5th 420, 503, petn. for review filed May 16, 2022.)

Following transfer, Stewart filed a supplemental brief arguing Senate Bill 483 required no change in our previous analysis. The Attorney General's supplemental brief argued, as in his petition for rehearing, that Assembly Bill 1950 does not apply to this case because Stewart's offense involved a domestic violence victim and, alternatively, if Assembly Bill 1950 applies, we should remand in accordance with *Stamps.* The Attorney General reiterated

3

his view that the *Stamps* remedy is applicable to Senate Bill 1950 cases and argued that Senate Bill 483 does not bar its application.

Shortly thereafter, the Attorney General informed us that Stewart's probation had been revoked and he had been sentenced to a year in prison consecutive to the sentence imposed in a separate case. The Attorney General stated it "appears the *Stamps* remedy issue in this case is moot" but asked us to affirm the judgment for the reasons discussed in his supplemental brief.

We asked the parties to address whether the appeal was moot in whole or in part. In response, both acknowledge the case is moot but ask us to exercise our discretion to decide an issue of public importance. For the Attorney General, that issue is whether an offense against a domestic violence victim is exempt from the two-year probation limitation under Assembly Bill 1950. For Stewart, the issue is retroactive application of Assembly Bill 1950 and "the subsequent remedy." Stewart argues the domestic violence issue was forfeited by the Attorney General's failure to raise it in his response to Stewart's petition for rehearing [2] and outside the scope of the Supreme Court's transfer order.

## DISCUSSION

" ' "[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it

---

[2] Stewart also cites the Attorney General's failure to raise this issue in his respondent's brief filed on September 9, 2020, but that brief predated both enactment of the new legislation and Stewart's petition for rehearing seeking application of Assembly Bill 1950 to this case. Assembly Bill 1950 was signed by the Governor and filed with the Secretary of State on September 30, 2020, and became effective on January 1, 2021. Stewart filed his petition for rehearing on November 23, 2020, and the Attorney General filed his response on January 7, 2021.

impossible for this court, if it should decide the case in favor of [defendant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal" ' as moot.  (*Paul v. Milk Depots, Inc.* (1964) 62 Cal.2d 129, 132, quoting *Consol. etc. Corp. v. United A. etc. Workers* (1946) 27 Cal.2d 859, 863.)"  (*People v. DeLeon* (2017) 3 Cal.5th 640, 645.)  The present appeal is moot:  The only issues pertain to the conditions and duration of probation, and Stewart is no longer on probation.

We have discretion to decide a moot issue that " 'is likely to recur, might otherwise evade appellate review, and is of continuing public interest.' "  (*People v. DeLeon, supra,* 3 Cal.5th at p. 646, quoting *People v. Morales* (2016) 63 Cal.4th 399, 409.)  Both parties urge us to exercise this discretion, arguing the issues they raise are likely to recur and evade appellate review because of the relatively short duration of probation terms.

We do not find this course of action appropriate.  The question the Attorney General would have us decide is outside the scope of the Supreme Court's transfer order and not properly before us.  The Attorney General did not raise the issue in his response to Stewart's petition for rehearing, and we denied the petition for rehearing by which the Attorney General attempted to raise it after we issued our modified opinion.  The Supreme Court's transfer order directed us to reconsider the case in light of Senate Bill 483 and made no mention of the entirely separate question whether Assembly Bill 1950 applies to a case involving a victim of domestic violence.[3]  Pursuant to rule

---

[3] Nor did the Supreme Court refer to this issue when it granted review: Its order addressed the first ground upon which the Attorney General sought review, deferring further action pending resolution of *Hernandez,* and did not mention the Attorney General's suggestion that it would also be appropriate for the court to decide whether Assembly Bill 1950 applies to cases involving a domestic violence victim.  In fact, the Attorney General acknowledged in his petition that this case was "a less than perfect vehicle for addressing this

8.200, subdivision (b)(2), of the California Rules of Court, "[s]upplemental briefs must be limited to matters arising after the previous Court of Appeal decision in the cause, unless the presiding justice permits briefing on other matters."  (Cal. Rules of Ct., rule 8.200(b)(2); *People v. Vasquez* (2022) 74 Cal.App.5th 1021, 1026, fn. 10.)

As to the retroactivity of Assembly Bill 1950 and applicability of the *Stamps* remedy, as Stewart recognizes, a number of other appellate courts have addressed these issues.  Indeed, the issues are currently before the Supreme Court in *People v. Prudholme* (Aug. 26, 2021, E076007 [nonpub. opn.]), review granted November 10, 2021, S271057.[4]  They are no longer relevant in the present case, and no useful purpose would be served by our further addressing them.

issue on review" because the Attorney General did not immediately recognize and raise it before we issued our opinion, we summarily denied rehearing, and our opinion was unlikely to be afforded precedential value on the issue because our only references to the statute on which the Attorney General's argument was based were in the unpublished portion of the opinion.

[4] The Court of Appeal in *Prudholme* found the *Stamps* remedy applicable to an Assembly Bill 1950 case.  The Supreme Court initially granted review and ordered further action deferred pending resolution of *Hernandez,* then ordered briefing on whether Assembly Bill 1950 applies retroactively and, if so, whether *Stamps* applies.

The Supreme Court has granted review in other cases presenting these issues, with further action deferred pending consideration and disposition in *Prudholme.*  (*People v. Scarano* (2022) 74 Cal.App.5th 993, review granted June 1, 2022, S273830 [*Stamps* applicable]; *People v. Butler* (2022) 75 Cal.App.5th 216, review granted June 1, 2022, S273773 [*Stamps* inapplicable].)  Petitions for review are currently pending in at least two other cases.  (*People v. Canedos* (2022) 77 Cal.App.5th 469, petn. for review filed May 16, 2022, S274244 [*Stamps* inapplicable]; *People v. Flores*, *supra*, 77 Cal.App.5th 420, petn. for review filed May 16, 2022, S274561 [*Stamps* inapplicable].)

## DISPOSITION

The appeal is dismissed as moot.

_____
Kline, J.*


We concur:


_____
Stewart, Acting P.J.


_____
Miller, J.


*People v. Stewart* (A157857)


        * Assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.