Filed 7/26/23  P. v. Gayles CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B324514 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA076121) |
| v. | |
| MILTON DEAN GAYLES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Ronald S. Coen, Judge.  Affirmed.

Law Offices of Sarah A. Stockwell and Sarah A. Stockwell for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Blythe Leszkay and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 1993, defendant Milton Dean Gayles was convicted of lewd and lascivious conduct with a minor 14 or 15 years old when he was at least 10 years older than the child. (Pen. Code,[1] § 288, subd. (c)(1) (section 288(c)(1)).) Such a conviction requires lifetime registration as a sex offender. (§ 290, subd. (d)(3)(c)(ix).) Gayles challenges this lifetime registration requirement on equal protection grounds, arguing he is similarly situated to persons convicted of other offenses that require lesser registration periods. We find those other offenses sufficiently dissimilar that we reject his constitutional challenge.

## FACTUAL AND LEGAL BACKGROUND

Gayles was convicted of two counts of violating section 288(c)(1) and sentenced to a prison term of two years. The record does not contain facts regarding the offense conduct, and they are not relevant to the issue presented by this appeal. Gayles was also convicted in 2014 for failing to register as a sex offender.

In 2017, Senate Bill No. 384 (2017-2018 Reg. Sess.) amended section 290 and established a three-tiered registry for sex offenders convicted in adult court. (Stats. 2017, ch. 541; see § 290.) Tier 1 provides for a minimum 10-year term of registration, Tier 2 provides for a minimum 20-year term, and Tier 3 provides for mandatory lifetime registration. (§ 290, subd. (d).) In 2021, the amended, tiered version of section 290 became operative. Under both the old system and the one currently in effect, a person convicted of lewd and lascivious conduct with a 14- or 15-year-old child where the defendant is at

---

[1] All subsequent unspecified statutory references are to the Penal Code.

least 10 years older than the minor victim in violation of section 288(c)(1) must register for life.  (§ 290, subd. (d)(3)(C)(ix).)

Under section 290.5, a defendant may petition the court for termination from the sex offender registry.  (*People v. Thai* (2023) 90 Cal.App.5th 427, 432.)  On April 11, 2022, Gayles filed a petition to terminate his lifetime registration as a sex offender.  He argued the Tier 3 classification of his section 288(c)(1) offense violated the constitutional guarantee of equal protection because he was similarly situated to persons convicted of certain offenses assigned to Tier 1 and Tier 2, there was no rational basis for his unequal treatment, and if treated as a Tier 1 or 2 offender he was eligible for relief because he had served the minimum mandatory registration period and posed a low risk of re-offense.  The trial court disagreed with the equal protection argument, and denied the petition finding that Gayles was ineligible as a Tier 3 offender for termination of registration.

This appeal followed.  We review de novo the trial court's determination that the applicable registration requirement does not violate Gayles's right to equal protection.  (*People v. Gray* (2014) 229 Cal.App.4th 285, 289-290.)

## DISCUSSION

Gayles argues that he is similarly situated to persons convicted of section 288, subdivision (a) (section 288(a)) which is a Tier 2 offense, and to persons convicted of certain Tier 1 offenses: section 286, subdivision (b)(2); section 287, subdivision (b)(2); and section 289, subdivision (i).  We discuss first the law applicable to these equal protection claims before analyzing the allegedly analogous statutes.

3

## A. Equal Protection Principles

"The United States and California Constitutions prohibit denial of equal protection of the laws." (*Legg v. Department of Justice* (2022) 81 Cal.App.5th 504, 510 (*Legg*).) "The concept of equal treatment under the laws means that persons similarly situated regarding the legitimate purpose of the law should receive like treatment. [Citation.] ' "The first prerequisite to a meritorious claim under the equal protection clause is a showing that the state has adopted a classification that affects two or more *similarly situated* groups in an unequal manner." [Citations.] This initial inquiry is not whether persons are similarly situated for all purposes, but "whether they are similarly situated for purposes of the law challenged." ' [Citations.]" (*People v. Morales* (2016) 63 Cal.4th 399, 408.) " 'If persons are not similarly situated for purposes of the law, an equal protection claim fails at the threshold.' [Citation.]" (*People v. Keister* (2011) 198 Cal.App.4th 442, 450.)

If persons are similarly situated but treated differently, we then analyze the justification for that difference. The parties here agree, and we concur, that the rational basis test applies to our analysis of any differential treatment. (See *Legg, supra,* 81 Cal.App.5th at p. 511 ["[b]ecause sex offender registration does not implicate a suspect class or a fundamental right, rational basis review applies"].) "Under rational basis review, even where the state treats two similarly situated groups differently, there is no constitutional violation unless there is [not] 'a rational relationship between the disparity of treatment and some legitimate governmental purpose.' " (*Ibid.*, quoting *Heller v. Doe* (1993) 509 U.S. 312, 320 [113 S.Ct. 2637, 25 L.Ed.2d 257].) The burden is on Gayles to negate every conceivable basis that might

4

support section 288(c)(1)'s omission from Tiers 1 and 2.  (*Johnson v. Department of Justice* (2015) 60 Cal.4th 871, 882.)

**B.  Gayles Is Not Similarly Situated to Persons Convicted of Violating Section 288(a), and a Rational Basis Exists for Any Differential Treatment**

*Legg* recently rejected Gayles's claim that individuals convicted of violating section 288(c)(1) are similarly situated to those who violate section 288(a).  (*Legg*, *supra*, 81 Cal.App.5th 504.)  As relevant here, section 288(a) criminalizes "willfully and lewdly commit[ting] any lewd or lascivious act . . . upon or with the body, or any part or member thereof, of a child who is under the age of 14 years, with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of that person or the child."  Section 288(a) is a Tier 2 offense requiring a minimum 20-year registration term.  (§ 290, subd. (d)(2)(A).)  Section 288(c)(1), a Tier 3 offense, criminalizes the same act as section 288(a), but adds the requirement that "the victim is a child of 14 or 15 years, and [the defendant] is at least 10 years older than the child."  (§ 288(c)(1).)

Like Gayles, the defendant in *Legg* argued that an offender who was over 40 years old[2] when convicted under section 288(c)(1) is similarly situated to someone over 40 years old convicted under section 288(a) because both statutes prohibit willful lewd or lascivious acts by such an adult on a child.  (*Legg*, *supra*, 81 Cal.App.5th at pp. 511-512.)  *Legg* disagreed, holding that while "the offenses proscribed by section 288[(a) and section 288](c)(1) are generally similar to each other in that they both prohibit a person from willfully and lewdly committing any lewd

---

[2] Gayles was born in 1951 and convicted in 1993.

or lascivious act upon or with any part of the body of a child," "a defendant's age can provide a meaningful distinction between offense categories for equal protection purposes." (*Id*. at p. 512.) Section 288(a) "requires that the victim be 13 years old or younger, and it does not require that the offender be any specific age. On the other hand, section 288[(c)(1)] requires that the victim be 14 or 15 years old and that the defendant be at least 10 years older than the victim." (*Legg*, *supra*, at p. 512.) Thus, while the two sections "share similarities in the prohibited conduct and intent, the age differential required by [section 288](c)(1) is a meaningful distinction demonstrating that persons violating the two statutes are not similarly situated." (*Ibid*.)[3]

Gayles fails to cite or discuss *Legg*, whose reasoning we find persuasive. Regardless of the defendant's actual age, section 288(a) contains no age requirement for the defendant; section 288(c)(1) mandates an age differential between the defendant and the victim. As in *Legg*, Gayles's "equal protection challenge fails because he has not established that he, as an individual required to register as a sex offender for life due to his conviction under section 288[(c)(1)], is subjected to unequal treatment as compared to a similarly situated group." (*Legg*, *supra*, 81 Cal.App.5th at p. 514.)

---

[3] *Legg* noted "the legislative background of section 288[(c)(1)] indicates an intent to protect 14- and 15-year-old children from 'predatory older adults[,]' [citation] . . . [and] '[t]he inclusion of the decade age difference in the subdivision reflects a recognition that a "sexually naïve" [citation] child of 14 or 15 could fall victim to a more experienced adult, a vice the Legislature was attuned to and took action to prevent.' " (*Legg*, *supra*, 81 Cal.App.5th at p. 514.)

Even if we look past the differences in statutory definition and posit Gayles is similarly situated to some individuals who violate section 288(a), we further agree with *Legg* that a rational basis exists for categorizing section 288(c)(1) as a Tier 3 offense and section 288(a) as a Tier 2 offense. As *Legg* states, "The Legislature could have reasonably determined that the challenged statutory disparity is warranted to serve the legitimate governmental purpose of protecting the public from considerably older adults who have preyed on young and vulnerable children. [Citation.] The legislative concern giving rise to the enactment of [section 288(c)(1)]—sexual exploitation of young, vulnerable children by significantly older predatory adults [citation]—is not always present when a person violates [section 288(a)], since a violation of that provision can involve consensual sexual relations between minors or teenagers in a romantic relationship. [Citation.] Thus, although those convicted of offenses under section 288[(a)] are subject to harsher penalties (three, six, or eight years of imprisonment; convictions classified as a 'super strike' (§ 667, subd. (e)(2)(C)(iv)(III)) than those convicted under [section 288](c)(1) (one, two, or three years' imprisonment; offenses may be prosecuted as a misdemeanor or a felony), the Legislature reasonably could have determined that section 288[(a)] offenses could be committed by younger offenders with more potential to rehabilitate—despite the severity of the offense—than their subdivision (c)(1) counterparts, who are necessarily older and more predatory, even if their conduct occurs with an older victim." (*Legg*, *supra*, 81 Cal.App.5th p. 515, fn. omitted.) "In short, because here a plausible basis does exist for the challenged statutory disparity, [the] equal protection claim fails." (*Id*. at p. 516.)

## C. Gayles Is Not Similarly Situated to the Tier 1 Offenders He Identifies

Gayles also argues he is similarly situated to defendants convicted of the following Tier 1 violations of sections 286, 287, and 289: section 286, subdivision (b)(2) [sodomy by a person over 21 years old with a person under 16]; section 287, subdivision (b)(2) [oral copulation by a person over 21 years old with a person under 16]; and section 289, subdivision (i) [sexual penetration by a person over 21 years old with a person under 16]. However, each of those statutory provisions explicitly start by stating, "Except as provided in [s]ection 288 . . . ." (§§ 286, subd. (b)(2), 287, subd. (b)(2), 289, subd. (i).) Thus, these Tier 1 violations expressly exclude situations where section 288(c)(1) applies, namely where the victim was 14 or 15 years old and the defendant was more than 10 years older than the victim. As in *Legg*, while these Tier 1 offenses and section 288(c)(1) "share similarities in the prohibited conduct and intent, the [contrasting] age differential required by [section 288](c)(1) is a meaningful distinction." (*Legg*, *supra*, 81 Cal.App.5th at p. 512). Gayles is thus not similarly situated to persons convicted of these Tier 1 violations.

Gayles argues that we should ignore the prefatory language preempting these Tier 1 statutes when section 288 applies because prosecutors do not adhere to it, and the People retain charging discretion over any particular set of facts. Even if we accept as true this argument that prosecutors ignore the relevant statutory language, "the existence of two statutes covering the same criminal conduct but carrying different penalties does not violate either equal protection or due process principles, even though a prosecutor may be influenced by the different penalties

available upon conviction in determining under which statute to charge a defendant." (*People v. Wilkinson* (2004) 33 Cal.4th 821, 841 & fn.7, citing *United States v. Batchelder* (1979) 442 U.S. 114, 123-125 [99 S.Ct. 2198, 60 L.Ed.2d 755].) Because Gayles is not similarly situated to individuals convicted of the Tier 1 offenses he has identified, we need not address the justification for any differential treatment between persons convicted of those Tier 1 offenses versus individuals convicted of violating section 288(c)(1). (*People v. Rhodes* (2005) 126 Cal.App.4th 1374, 1384.)

## DISPOSITION

The order denying the petition to terminate sex offender registration is affirmed.

NOT TO BE PUBLISHED

WEINGART, J.

We concur:

CHANEY, J.

BENDIX, Acting P.J.

9