Filed 10/13/25  Mariana C. v. Christian C. CA2/7

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| MARIANA C., <br><br> Respondent, <br><br> v. <br><br> CHRISTIAN C., <br><br> Appellant. | B340047 <br> (Los Angeles County Super. Ct. No. 21PDFL01274) |

APPEAL from an order of the Superior Court of Los Angeles County, Harvey A. Silberman, Judge.  Dismissed.

Christian C., in pro. per., for Appellant.

Mariana C., in pro. per., for Respondent.

————————————

Christian C. appeals from the denial of his request to modify a domestic violence restraining order protecting his ex-wife, Mariana C., and their two children, N.M. (born 2011) and N.I. (born 2014).[1] He sought the modification after Mariana's friend S.P. asked that he not attend S.P.'s son's little league practices. Christian was concerned that the family court could consider him to have violated the restraining order's prohibition on harassing Mariana indirectly through a third party, here S.P. Christian asserts that Family Code section 6320, subdivision (c), which permits courts to enjoin conduct that disturbs a protected party's peace indirectly through a third party, is unconstitutional.

While this appeal was pending, the restraining order expired. Because we cannot provide Christian any effective relief—that is, relief that " 'can have a practical, tangible impact on the parties' conduct or legal status' " (*In re D.P.* (2023) 14 Cal.5th 266, 277 (*D.P.*))—we dismiss the appeal as moot.

## FACTUAL AND PROCEDURAL BACKGROUND

A. *The Restraining Order and Christian's Initial Request To Modify or Terminate It*

In April 2022 Mariana requested a temporary domestic violence restraining order protecting her, N.M., and N.I., from

---

[1] We refer to the adult protected party by her first name and last initial and refer to the children by their initials only. (See Cal. Rules of Court, rule 8.90(b)(1) [names of "protected persons in domestic violence-prevention proceedings" may be abbreviated to protect their privacy interests].) We also refer to Christian by his first name and last initial to guard the privacy of the protected parties.

Christian. Mariana alleged Christian harassed and stalked her, including by parking in front of her house overnight and repeatedly applying for every open position at her workplace. Mariana was concerned Christian had stopped seeing his mental health professionals and was using drugs not prescribed to him.

In opposing Mariana's request, Christian reported he had sought mental health treatment and his "previous difficulty of mismanaging [his] prescriptive medication dosages [was] no longer of issue." Christian claimed he had parked near Mariana's home because he was living in his car and needed internet access to stream shows and search for work and housing.

The court granted a permanent restraining order in October 2022 protecting Mariana and both children. The court set the restraining order to expire in 30 months, on April 27, 2025. Among the standard provisions of the restraining order is one prohibiting Christian from "disturb[ing] the peace" of Mariana either "directly or indirectly, such as through someone else." The order included the parties' stipulated custody arrangement that allowed Christian to have overnight weekend visitation with the children. Christian did not appeal the grant of the restraining order.

In December 2022 Christian filed a request to modify or terminate the restraining order to allow him to attend school meetings and similar events. Mariana opposed the request, citing ongoing tension between her and Christian. In March 2023 the court denied Christian's request but stated further progress by him would "be considered a change in circumstance."

Christian and Mariana finalized their divorce in October 2023.

B.     *Christian's Second Request To Modify or Terminate the Restraining Order*

In May 2024 Christian filed a second request to terminate, or, alternatively, modify, the restraining order.  According to Christian, he had made "significant progress" by: securing stable housing for the children, finalizing the divorce and agreeing to a parenting plan granting him unsupervised weekend visits, attending co-parenting therapy, maintaining peaceful and cooperative contact with Mariana, complying with the restraining order, meeting his financial support obligations, voluntarily completing a batterer's intervention program, and consistently attending medical and mental health appointments.  He further asserted there was no reasonable probability harassment would continue in the future, citing his compliance with the restraining order and the changes in his behavior.

Christian also focused on a recent issue involving Mariana's friend, S.P., who had reportedly told a little league coach that Christian's presence at her son's practices made her uncomfortable.  Although Christian's own son played on a different team, Christian was at the park when his son was not because Christian volunteered as field coordinator for the league.  After S.P.'s request, the league president asked Christian to avoid practices for S.P.'s son's team.[2]

---

[2]     Christian seeks to augment the record to demonstrate he attempted to subpoena communications between S.P. and the league president.  We deny Christian's request because these documents were not before the trial court.  (See Cal. Rules of Court, rule 8.155(a)(1)(A) [party may move to augment record to include "[a]ny document filed or lodged in the case in superior

4

Christian focused on the provision in the restraining order prohibiting him from "disturb[ing] the peace" of Mariana either "directly or indirectly, such as through someone else." He contended that part of the restraining order was rendered vague, overbroad, and unduly burdensome, "once I [became] aware and [was] given 'cause' that my behavior or actions have affected a third party (S.P.) to such a degree that she (S.P.) is compelled to notify another non-party on two separate occasions." He contended the prohibition on indirectly disturbing Mariana's peace "inadvertently extended [the scope of the restraining order] to specifically include S.P., a person not named in the protection order." To avoid violating the restraining order, Christian felt compelled to curtail his little league volunteer activities and attendance at his children's baseball games and musical performances where S.P. and her children could be present.

Mariana opposed the request, stating Christian had shown no meaningful change "besides mostly following the minimum boundaries of the restraining order." She explained S.P. was uncomfortable with Christian watching S.P.'s son's practice because "[i]t is not normal for parents to hang out at practices when their kids are not on that team," but that other than "lending a listening ear for [her] close friend," she "never got involved in this issue . . . as it was not [her] problem to solve." S.P. submitted a declaration stating she only asked Christian not to attend her child's practice when his own children were not playing. She said Christian came to a practice even after being asked not to by the league president, but she never asked him to

---

court"]; *In re Kenneth D.* (2024) 16 Cal.5th 1087, 1106 [" '[a]ugmentation does not function to supplement the record with materials not before the trial court' "].)

resign from his volunteer role or stay away from other events or musical performances involving both families.

On July 11, 2024, the court denied Christian's requests to modify the restraining order. The court found it was in the best interest of the children to keep the restrictions in place until the restraining order expired in April 2025, to allow Christian and Mariana to continue their co-parenting counseling and make further progress. The court did not specifically address the issue with S.P., and Christian did not raise it at the hearing.

Christian timely appealed. The restraining order expired on April 27, 2025, and Mariana did not seek to renew it.

## DISCUSSION

The sole issue Christian raises on appeal is the constitutionality of Family Code section 6320, subdivision (c), which provides (in pertinent part) that " 'disturbing the peace of the other party' " may include conduct "committed directly or indirectly, including through the use of a third party." That provision is the underpinning of the language in the restraining order that prohibits Christian from disturbing Mariana's peace "indirectly, such as through someone else." He asserts that provision grants Mariana "undue power" to "leverage her close friendship with S.P. to create the appearance of ongoing 'coercive control.' "

Because the restraining order expired in April 2025, however, Christian's appeal is moot. "A case becomes moot when events ' "render[ ] it impossible for [a] court, if it should decide the case in favor of [appellant], to grant him any effect[ive] relief." ' " (*D.P.*, *supra*, 14 Cal.5th at p. 276; see *In re Marriage of A.M. & R.Y.* (2025) 110 Cal.App.5th 1115, 1124.) " 'It is well

6

settled that an appellate court will decide only actual controversies and that a live appeal may be rendered moot by events occurring after the notice of appeal was filed.' " (*Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 866.) " 'If relief granted by the trial court is temporal, and if the relief granted expires before an appeal can be heard, then an appeal by the adverse party is moot.' " (*City of Monterey v. Carrnshimba* (2013) 215 Cal.App.4th 1068, 1079.)

Still, an expired order "is not moot . . . if it 'could have consequences for [a party] in . . . future court proceedings,' " including custody proceedings. (*Cardona v. Soto* (2024) 105 Cal.App.5th 141, 148.) For example, under Family Code section 3044, a finding of domestic violence triggers a rebuttable presumption against awarding custody to the restrained party—a presumption that lasts five years regardless of the order's expiration. (Fam. Code, § 3044, subd. (a); *Cardona*, at p. 148.) Courts have found a case is not moot where the presumption is in effect even if the restraining order has expired. (See, e.g., *Cardona*, at p. 148; *San Diego Police Dept. v. Geoffrey S.* (2022) 86 Cal.App.5th 550, 564 ["An appeal from an expired restraining order is not moot if it could have collateral consequences in future proceedings."].)

That exception does not apply here. Christian did not appeal the grant of the restraining order and has not challenged the court's finding that he committed domestic violence. Even if this court were to grant his requested relief, i.e., to strike the particular provision concerning conduct that disturbs Mariana's peace indirectly, the trial court's underlying finding of domestic violence—and the Family Code section 3044 presumption—would remain. Because we are unable to " ' "grant him any effect[ive]

7

relief,"'" Christian's appeal is moot. (*D.P.*, *supra*, 14 Cal.5th at p. 276.)

Christian urges us to reach the merits because he contends his challenge raises an issue of public interest likely to recur. (See *People v. Morales* (2016) 63 Cal.4th 399, 409 [exercising discretion to hear a moot case "because the issue is likely to recur, might otherwise evade appellate review, and is of continuing public interest"]; *Zuniga v. Workers' Comp. Appeals Bd.* (2018) 19 Cal.App.5th 981, 988, fn. 6 ["an exception to the mootness doctrine is the distinct possibility that the controversy between the parties may recur"].) However, this appeal presents "fact-specific issues that are unlikely to recur and thus does not justify our exercise of discretion to resolve moot questions." (*Building a Better Redondo, Inc. v. City of Redondo Beach*, *supra*, 203 Cal.App.4th at p. 867.) Nothing in the record suggests Mariana sought to renew the restraining order. (Cf. *Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 495-496 [because the restraining order was renewed, the appeal of the original restraining order was not moot].) We decline to consider the merits of this moot issue.

## DISPOSITION

The appeal is dismissed as moot. Mariana shall recover her costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)


STONE, J.

We concur:


MARTINEZ, P. J.                    FEUER, J.

8